## Uri Raymond v. Samuel Hinkson and another.

*Circuit Courts: Jurisdiction in actions ex contractu.* In a suit commenced by attachment, the declaration set forth a justice's judgment amounting with interest to less than $100, and contained no other counts and no *ad damnum* clause. *Held*, inasmuch as the Constitution gives to Justices of the Peace exclusive jurisdiction in suits arising *ex contractu*, where the amount claimed is less than $100, that the Circuit Court had no jurisdiction of the cause, and the judgment was void.

*Heard November 8th. Decided November 10th.*

Appeal from Sanilac Circuit in Chancery.

The bill in this cause was filed by an execution creditor, who had purchased lands at sheriff's *sale, to avoid a deed alleged to have been executed to defraud creditors.

A decree was rendered in favor of complainant.

The facts are stated in the opinion.

*Mitchell & Chadwick*, for complainant and appellee.

The want of the *ad damnum* clause, in the declaration, did not affect the validity of the judgment, as, if it was a defect, it is cured by judgment under the statute of Jeofails. The declaration could have been amended by supplying the defect at any time before judgment, and if so, the judgment would not have been set aside, even on error, for that reason.

But we insist that the *ad damnum* clause is immaterial, and may be omitted, and the declaration would not be demurrable for want of it, except as a matter of mere technical form.

But it is insisted that the *ad damnum* clause was necessary to give the court jurisdiction; we say the court obtained jurisdiction by the writ and affidavit, and if they showed an amount claimed, within the jurisdiction of the court, then the failure to state the same in the declaration is mere irregularity, and good by intendment. — 3 *Mich.* 466.

*J. C. Wyllis*, for defendants and appellants.

The judgment in the attachment proceeding is void, for the reason that the plaintiffs' declaration claims but $72.67, and of this claim Justice Courts have *exclusive* jurisdiction under the Constitution. *Article* 6, *section* 18. See, also, 2 *Comp. Laws*, §§ 3418, 3463.

CAMPBELL · J.

The bill in this cause was filed by an execution creditor, who had purchased lands at sheriff's sale, to avoid a deed alleged to have been executed to defraud creditors.

The suit on which execution issued was commenced by attachment. The declaration set forth no cause of action but a justice's judgment, and did not contain any common counts nor any *ad damnum* clause. The defendant, Samuel Hinkson, was personally served with the writ, but did not appear. The judgment sued on, with interest, was less than one hundred dollars, as set forth in the declaration, at the time of commencing suit.

The Constitution gives to Justices of the Peace exclusive jurisdiction in suits *ex contractu* up to one hundred dollars. As the cause of action, and the amount claimed must be set up in the declaration, it follows, as a matter of course, that when that shows less than one hundred dollars to be claimed, it shows that the Circuit Court has no jurisdiction. No presumption can be raised in favor of a plaintiff against his own express allegations.

It follows that the judgment rendered upon this declaration was void, as the court had no jurisdiction over the cause. The other questions become of no importance. The decree below must be reversed, and the bill must be dismissed, with the costs of both courts.

The other Justices concurred.