## HIRAM MAXFIELD v. SETH WILLEY ET AL.

*Payment of taxes by mortgagee—Bidding in mortgaged property at tax sale—Tax purchase by agents.*

On foreclosure for non-payment of taxes as they fell due the mortgagee claimed to recover as taxes paid by himself, certain sums paid by his

agent in bidding in the property at tax sales. *Held*, that such payments were not, in contemplation of law, payments of the taxes, and could not be included.

When a mortgagee instead of paying taxes due, purchases the land at a tax sale, the mortgager can treat the purchase as a payment and compel the cancellation of the tax certificate or deed on refunding the amount paid, with interest. But it cannot against his will be held a payment in his behalf.

Neither party to a mortgage can cut off the other's interest by bidding in the premises at a tax sale, if the other objects thereto.

A tax purchase by an agent in his own name but with his principal's money does not support a resulting trust in his principal's favor.

Appeal from Saginaw. Submitted June 9. Decided June 15.

BILL of foreclosure. Complainant appeals. Affirmed.

*Hanchett & Stark* for complainant. A mortgagee can pay the taxes and have the payment added to his claim: *Page v. Webster* 8 Mich. 263; *Horton v. Saunders* 13 Mich. 409; *Paine v. Avery* 21 Mich. 552; *Vaughn v. Nims* 36 Mich. 297; *Burr v. Veeder* 3 Wend. 412; *Kortright v. Cady* 23 Barb. 497; 1 Jones Mortg. §§ 77, 358; 2 id. §§ 1134, 1137, 1597.

*Camp & Brooks* for defendants. Purchase by a mortgagee at a tax sale is not a payment of taxes on the mortgaged property: 1 Jones Mortgages 672; *Jones v. Wells* 31 Mich. 174; *Williams v. Townsend* 31 N. Y. 411.

COOLEY, J. This is a foreclosure suit. The mortgage is not disputed, nor the amount due upon the debt, and the controversy is narrowed to a question whether complainant is entitled to recover certain sums as payments upon taxes.

The mortgage was given by defendant Seth Willey: it bears date February 14, 1872, and was conditioned among other things for the payment by the mortgagor of all taxes and assessments that might have been or might be levied or assessed upon the mortgaged land. It was also provided therein that in case of non-payment of the debt and inter-

est, or of the taxes assessed or levied on the land " as soon as the same have become due and payable," the mortgagee might foreclose and sell. The bill avers that the mortgagor did not pay the taxes for the years 1872 to 1878, both inclusive, and that complainant paid the same, and then proceeds as follows:

"Your orator further shows that he paid said taxes through his agent, Jerome K. Stevens, of Saginaw City, Mich.: that said Jerome K. Stevens was his agent for looking after and attending to the payment of taxes upon said premises, and taking care of your orator's interest in said premises under his said mortgage; that said Stevens for and in behalf of your orator, paid said taxes by bidding off said lands at the annual tax sales in October, 1875, for the taxes for the year 1872 for city taxes, and for the years 1872, 1873 and 1874 for State and county taxes, and by bidding off the lands at the annual tax sales in October, 1875, October, 1876, and October, 1877, October, 1878, for the State and county taxes for the years 1874, 1875, 1876 and 1877 respectively, and that he paid the city taxes upon said lands for 1873 and 1874, by purchasing leases of said lands from the city of East Saginaw upon the date aforesaid, which leases were made by said city of said lands, as delinquent for the city taxes levied thereon, in pursuance of its charter.

"Your orator further shows that his said agent made said bids and took said purchases in his own name, but for the use and benefit of your orator and for convenience merely, as your orator charges, and said Stevens so informed said defendant Willey at aoout the time of taking said bids and afterwards, and has always held the same subject to the orders of your orator, and for his protection, and your orator has been at all times willing to release and assign said certificates to said Willey, upon repayment to him of the amount paid by your orator therefor and interest, and hereby offers so to do.

"Your orator further shows that all of said payments, bids and purchases were made with your orator's money and for the protection of your orator's said mortgage interest, and for no other purpose, and not to obtain an independent title or to in any way, injure or oppress said defendant Willey. That the certificates of sale upon said bids, and the leases of said city are the receipts referred to by your orator in his allegation of the payment of said taxes, and the same now produced, proved and filed in this cause are referred to for greater certainty."

It is proved in the case that Stevens made the purchases as alleged ; that he was at the time agent for complainant and made use of complainant's money for the purpose with his assent, and that before purchasing he called upon defendant Willey and requested him to pay the taxes, which the latter refused to do, claiming that they were illegal and that he intended to contest them. It was also proved that Stevens was willing to surrender his certificates of purchase to Willey at any time.

The circuit court was of opinion that the purchases by Stevens were not in contemplation of law payments of the taxes by complainant, and refused to include the sums paid, in the decree for foreclosure. In this opinion we agree.

When the mortgagee, instead of making payment of the taxes, makes a purchase of the land at tax sale, either in his own name or in the name of any other person who has his money for the purpose, we have no doubt of the right of the mortgagor to have the purchase treated as a payment, and to compel the cancelment of the certificate or deed on refunding the amount paid with interest. On this subject we need not repeat what was said in *Connecticut Mutual Life Ins. Co. v. Bulte* 45 Mich. 113. But the right to treat the purchase as a payment is the right of the mortgagor only, and rests upon a principle of equity that is necessary for his protection. Neither party to a mortgage can be suffered, against the will of the other, to buy at a tax sale and thereby cut off the other's interest. But either may bid, as a stranger to the title may, if the other makes no objection.

But in this case the mortgagor does not claim the purchase to be a payment, but repudiates it and asks no protection against it. The question now is whether it shall be held against his will to be a payment in his interest. The question, moreover, is complicated by the fact that the purchase was made not by complainant, but by another, and under circumstances which would have entitled the purchaser to retain the title as against complainant. Under our statute—Comp. L. § 4120—there is no resulting trust in such a case, and Stevens at his option would have deeded as

complainant directed, or would have refused to do so. It is plain, then, that when first made the purchase constituted no payment, and if it can be deemed one at all, it must be because of the subsequent willingness to convey. This willingness might depend upon whether on investigation the tax title promised to be sustainable ; but if it existed from the first it would be unavailable to complainant, for the party whose will was in question would in respect to the particular transaction be wholly beyond his control.

The case of *Jones v. Wells* 31 Mich. 170, is in point here, and is conclusive. When the mortgagee under such circumstances permits a third person to become purchaser at the tax sales he takes all risks—*First*, of the purchaser recognizing a resulting trust and conveying accordingly; and *second*, of the mortgagor being disposed to accept as a payment in his interest that which has assumed the form of a hostile purchase. The purchase cannot be forced upon the mortgagor if he chooses to leave it in the hands of the purchaser.

The decree must be affirmed with costs.

The other Justices concurred.