**KERR v. ERICKSON et al. (No. 8087.)**

Court of Civil Appeals of Texas. San Antonio. Dec. 12, 1928.

Rehearing Denied Feb. 6, 1929.

H. B. Galbraith, of Brownsville, and Thos. G. Patteson, of Cooper, for appellant.

G. R. Whitley, of San Benito, and John A. Jones, of Brownsville, for appellees.

SMITH, J. There is no helpful or sufficient statement in appellant's brief of the transactions out of which this litigation arose, but we infer from such statements as the brief contains that Albin Erickson, appellee, purchased the land involved from the Ogden Land Company, and, as part of the consideration therefor, executed his own vendor's lien notes, and assumed outstanding vendor's lien notes owing to the Los Fresnos Land & Irrigation Company; that the last-named company brought suit to foreclose its first lien, impleading Erickson, the mortgagor, and the Ogden Company, record owner of the junior lien, as party defendants; that

the Fresnos Company recovered judgment of foreclosure, and that at the ensuing forced sale J. G. Fernandez purchased the land and received the sheriff's deed thereto in August, 1924; that a few weeks later Fernandez sold the land to Albin Erickson, the mortgagor, for the amount of Fernandez's claim against the land; that, when Erickson purchased ·the land from the Ogden Land Company in June, 1919, he went into possession, and has ever since continuously retained that possession, including the brief period of Fernandez's ownership.

The Ogden Land Company was the original owner of the junior lien and the notes thereby secured, but transferred those notes and lien to the Texas Delta Farms Company, which in turn transferred them to the Missouri Valley Securities Company, which owned them at the time of· the institution of the foreclosure proceedings and the sale of the land thereunder. But none of these transfers was ever placed of record, and Fernandez, the holder of the first lien and plaintiff in the foreclosure suit and purchaser at the foreclosure sale, had no notice of such transfers. The Ogden Land Company alone was therefore impleaded as the holder of the junior lien, and the real owner was not made a party to the foreclosure proceedings. In this way Fernandez became an innocent purchaser of the land at the foreclosure sale. In February, 1927, three years after Erickson had repurchased the land, O. W. Kerr purchased the junior lien notes thereby secured, and brought this action against Erickson for the amount of the notes and for foreclosure of the junior lien, notwithstanding the prior foreclosure as against Kerr's remote assignor, who was the apparent owner of the junior lien at the time of the foreclosure. Kerr obtained personal judgment for the amount of the notes, but his prayer for foreclosure was denied, and he has appealed.

There is no question of collusion in the case between Erickson and his grantor, Fernandez, as in the case of O. W. Kerr v. Smith Henderson et al., 13 S.W.(2d) 227, this day decided by this court, for they had no understanding at any time prior to the foreclosure sale looking to the resale of the land to Erickson. After the sale, Fernandez saw Erickson, and offered him the "first chance" to purchase the land. Erickson considered the proposition, the acceptance of which was made to depend upon the success of his cotton crop, then about to be harvested. The crop turned out well, and Erickson purchased the land. The transaction seems to have been initiated and consummated in good faith. Apparently Erickson acquired the same title obtained by his vendor at the foreclosure sale under a judgment binding upon the junior lienholder of record.

Kerr purchased the unrecorded junior lien long a"ter it had been cut off, long after the notes secured by it had become due, and at a time when he knew the record owner of that'lien had been precluded and title to the land had passed into innocent purchasers. He is the sole author of his own undoing. He is in no position to appeal to equity.

The judgment is affirmed.