## KERR v. ERICKSON et al. (No. 1315— 5412.)

Commission of Appeals of Texas, Section A. Feb. 12, 1930.

H. B. Galbraith, of Brownsville, and Thos. G. Patteson, of Cooper, for plaintiff in error.

John A. Jones, of Brownsville, and G. R. Whitley, of San Benito, for defendants in error.

CRITZ, J. We copy the following statement from the opinion of the Court of Civil Appeals:

"Albin Erickson, appellee, purchased the land involved from the Ogden Land Company, and, as part of the consideration therefor, executed his own vendor's lien notes, and assumed outstanding vendor's lien notes owing to the Los Fresnos Land & Irrigation Company; that the last-named company brought suit to foreclose its first lien, impleading Erickson, the mortgagor, and the Ogden Company, record owner of the junior lien, as party defendants; that the Fresnos Company recovered judgment of foreclosure, and that at the ensuing forced sale J. G. Fernandez purchased the land and received the sheriff's deed thereto in August, 1924; that a few weeks later Fernandez sold the land to Albin Erickson, the mortgagor, for the amount of Fernandez's claim against the land; that, when Erickson purchased the land from the Ogden Land Company in June, 1919, he went into possession, and has ever since continuously retained that possession, including the brief period of Fernandez's ownership.

"The Ogden Land Company was the original owner of the junior lien and the notes thereby secured, but transferred those notes and lien to the Texas Delta Farms Company, which in turn transferred them to the Missouri Valley Securities Company, which owned them at the time of the institution of the foreclosure proceedings and the sale of the land thereunder. But none of these transfers was ever placed of record, and Fernandez, the holder of the first lien and plaintiff in the foreclosure suit and purchaser at the foreclosure sale, had no notice of such transfers. The Ogden Land Company alone was therefore impleaded as the holder of the junior lien, and the real owner was not made a party to the foreclosure proceedings. In this way Fernandez became an innocent purchaser of the land at the foreclosure sale. In February, 1927, three years after Erickson had repurchased the land, O. W. Kerr, purchased the junior lien notes thereby secured, and brought this action against Erickson for the amount of the notes and for foreclosure of the junior lien, notwithstanding the prior foreclosure as against Kerr's remote assignor, who was the apparent owner of the junior lien at the time of the foreclosure. Kerr obtained personal judgment for the amount of the notes, but his prayer for foreclosure was denied, and he has appealed."

It is also shown by the opinion of the Court of Civil Appeals that there was no question of collusion or fraud involved in the transaction.

Under the above facts the trial court awarded a personal judgment for the amount of the note, but refused foreclosure of the lien. This judgment was affirmed by the Court of Civil Appeals. 13 S.W.(2d) 229.

From the above it is seen that this appeal presents but one issue, which is:

Where a party purchases land, and as part consideration therefor assumes a first mortgage, and gives a second mortgage to his grantor, and such purchaser having defaulted as to the first mortgage, it is foreclosed by suit, with the record holder of the second mortgage made a party, and the land sold under order of sale to an outsider, who took title freed from the second mortgage by virtue of the premises, and thereafter conveyed the land back to him who executed the second mortgage, does such transaction have effect to vest title in the party who executed the second mortgage freed from such lien, where there is no actual fraud, collusion, or express warranty?

We are of the opinion that the transaction above stated does not have effect to vest title under the last deed freed from the second mortgage. In other words, we hold that under such circumstances he who repurchas-

es the land is estopped from questioning the validity of his own mortgage by virtue of his own contract. It has been held that a purchaser of property subject to two mortgages, who assumes their payment as a part of the purchase price, cannot purchase the property at a sale under the first mortgage, and then claim title against the second mortgage. Beitel v. Dobbin (Tex. Civ. App.) 44 S. W. 299 (writ refused). We can think of no good reason why a different rule should apply just because title is taken from the person who bought at the execution sale instead of direct. In either event, it would be contrary to good conscience, and inequitable, to permit such party to plead the after-acquired title against his own solemn contract.

We recommend that the judgments of the Court of Civil Appeals and the district court be both reformed, and in part affirmed, and in part reversed and rendered, as follows:

That the parts of such judgments which award a personal judgment in favor of the holder of the second lien notes be affirmed, but that the parts of such judgments which deny a foreclosure of the second mortgage be reversed, and judgment here rendered foreclosing same.

CURETON, C. J. The judgments of the district court and Court of Civil Appeals are in part affirmed, and in part reversed and rendered, as recommended by the Commission of Appeals.