**PLEASANT et al. v. SANDERS et al.**

**No. 1146.**

Court of Civil Appeals of Texas. Waco.

Feb. 18, 1932.

Rehearing Denied March 10, 1932.

Claude Westerfeld, of Dallas, for plaintiffs in error.

Currie McCutcheon, E. B. Freeman, Geo. W. Hutchison, and W. R. Herring, all of Dallas, for defendants in error.

BARCUS, J.

This suit was originally instituted in May, 1926, by H. P. Wadlington in trespass to try title to recover a small tract of land in Dallas. H. P. Wadlington died in 1929, and plaintiffs in error intervened as plaintiffs in trial court. Defendants in error filed pleas of not guilty and cross-actions in trespass to try title for the same property. The cause was tried to the jury, and at the conclusion of the testimony the trial court instructed the jury to return a verdict against plaintiffs in error and in favor of defendant in error Sanders for title to a part of the land, and in favor of T. C. Lewis and Eva Lewis for the remaining part.

Defendants in error have filed a motion to dismiss the appeal on the ground that the pauper's affidavit filed in lieu of cost bond erroneously described the judgment as having been rendered on December 10th, when defendants in error say in truth and fact the judgment was rendered on December 12, 1930. We overrule this motion. The judgment contained in the transcript recites that it was rendered on the 10th of December.

It was admitted that J. H. Powers was the common source of title to the land in question. In 1908, J. H. Powers sold the land to H. P. Wadlington under a contract of sale, with the agreement that, when a certain portion of the purchase price was paid, he would execute and deliver a deed to said Wadlington. At the time H. P. Wadlington purchased the property he was married and had one child, C. D. Wadlington. In 1910, H. P. Wadlington and wife were divorced. No division of their community property, however, was had. In 1913, after Mrs. Wadlington died, some of the community property of H. P. Wadlington and wife was sold and the purchase money obtained therefor was used to finish paying for the property in question, and J. H. Powers then executed and delivered to H. P. Wadlington a deed therefor. Said deed was lost and never recorded. Soon after H. P. Wadlington purchased the property in 1908 he built a small house thereon, and, according to the testimony of his son, C. D. Wadlington, continued thereafter to use and occupy the property as his home until his death in December, 1929.

On February 13, 1923, C. D. Wadlington and his attorneys represented to J. H. Powers that H. P. Wadlington was dead, and that he (C. D. Wadlington) was the only surviving child of H. P. Wadlington and thereby induced J. H. Powers to execute to C. D. Wadlington a deed to the property. On March 23,

1923, C. D. Wadlington filed suit against B. M. Lockwood alleging that Lockwood had an alleged deed to said property from H. P. Wadlington dated June 3, 1915, by and under which H. P. Wadlington attempted to convey the land to B. M. Lockwood, and that said deed was a cloud on the title to the property which C. D. Wadlington alleged to be his, and he prayed for a cancellation of said deed, and on May 18, 1923, the trial court entered judgment canceling same. On May 28, 1923, C. D. Wadlington conveyed by warranty deed the property to his attorney. On March 11, 1924, his attorney by warranty deed conveyed the property to T. F. Capeheart and wife. On March 3, 1925, Capeheart and wife conveyed a portion of the property to J. C. Lewis and wife, Eva Lewis. On March 2, 1926, J. W. Sanders purchased from F. L. Richardson, trustee, that portion of the land which was not conveyed to Lewis. On May 15, 1926, H. P. Wadlington by warranty deed conveyed the property to plaintiff in error, Walter Pleasant, in trust for W. P. Henry, a minor, the grandson of H. P. Wadlington, and in 1929, a short time before H. P. Wadlington's death, he delivered said deed to Walter Pleasant. After the death of H. P. Wadlington, Walter Pleasant filed his plea of intervention in this suit asking leave to prosecute same for the use and benefit of the minor, W. P. Henry. The evidence of C. D. Wadlington and E. B. Freeman tends to show that H. P. Wadlington, from the time he purchased the property in 1908, claimed and occupied same as his homestead until the time of his death.

Plaintiffs in error contend that the trial court erroneously instructed the jury to return a verdict against them and in favor of defendants in error. We sustain this assignment. As above stated, the evidence tends to show that at the time defendants in error, and each of them, purchased their interest in the property, it was being occupied by H. P. Wadlington as his homestead and had been, so occupied for many years. Defendants in error contend that they were not required to inquire of H. P. Wadlington the character of his occupancy because of the deed which he had executed to Lockwood in 1915. We do not agree with this contention. The record tends to show that the property in question was the community property of H. P. Wadlington and his deceased wife, and that C. D. Wadlington was their only child. The deed which H. P. Wadlington gave Lockwood did not sufficiently describe any tract of land so that it could be identified, much less the land involved in this suit. Osborne v. Moore, 112 Tex. 361, 247 S. W. 498; Rosen v. Phelps (Tex. Civ. App.) 160 S. W. 104; Starkey v. Texas Farm Mortgage Co. (Tex. Civ. App.) 45 S.W.(2d) 999. Furthermore, if, at the time C. D. Wadlington filed said suit, it was community property, he and his father, H. P. Wadlington, were the joint owners

of said property with the right of H. P. Wadlington to occupy same as his homestead, the suit by C. D. Wadlington to cancel the deed held by Lockwood as a cloud on the title inured to the benefit of himself and his father as cotenants. We are further of the opinion that, since the Lockwood deed had been canceled by the suit filed by C. D. Wadlington prior to the time he conveyed the property to the grantors of defendants in error, neither his original grantor nor defendants in error could claim any rights or benefits thereunder.

If at the time H. P. Wadlington died in 1929 the property was the community property of himself and his deceased wife, then, of course, C. D. Wadlington, being his only child, was the owner in fee of an undivided one-half thereof. We think the question as to whether defendants in error were innocent purchasers for value of the property in controversy was an issue of fact for determination by a jury.

Since the case is to be reversed, we think it proper to call attention to the contention of plaintiffs in error that the deed which J. H. Powers executed to C. D. Wadlington in February, 1923, was simply a quitclaim deed, and is not therefore a sufficient muniment of title to start the running of limitation. This direct question was decided adversely to plaintiffs in error by the Court of Civil Appeals and the Supreme Court in the case of J. M. Radford Grocery Co. v. Shaw (Tex. Civ. App.) 9 S.W.(2d) 419; Shaw v. Ball (Tex. Com. App.) 23 S.W.(2d) 291, where a deed in the exact language of that contained in the Powers deed was held sufficient to start the running of limitation.

The judgment of the trial court is reversed, and the cause remanded.