## BUCKNER v. BUCKNER.

No. 11018.

Court of Civil Appeals of Texas. Dallas.

June 11, 1932.

Bishop & Holland, of Athens, for appellant.

E. A. Landman, of Athens, for appellee.

LOONEY, J.

Mrs. P. M. Buckner, mother of B. F. Buckner, deceased, brought suit against Mrs. Willie Lee Buckner, his widow, and their three minor children (connection of other defendants need not be mentioned), to recover a house and lot in Malakoff, Henderson coun-

ty. Plaintiff based her right to recover on the alleged existence of a constructive trust relationship between herself and deceased son, B. F. Buckner. Her allegations being in substance that, confiding in her son, she authorized him to purchase for her the lot in controversy; that he procured conveyance to himself, instead of to plaintiff; that she paid for the lot ($800) believing that title had been taken in her name; also paid for the erection thereon of the residence; knew nothing of the indebtedness for which the deed of trust was given to secure the mechanic's lien indebtedness; that same was not her indebtedness; that the trustee in said deed of trust conveyed the premises to W. A. Hawn (of Hawn Lumber Company); and that he conveyed same to defendant, Mrs. Willie Lee Buckner. Plaintiff based her right to recover on the existence of the alleged constructive trust.

Defendants answered by general denials, pleas of not guilty, and "for further answer herein," they alleged that, "if further answer be required of these defendants, then they would show that Mrs. C. H. Hawn and W. A. Hawn were innocent owners and holders for value of an indebtedness secured by a mechanic's and materialman's lien on the property involved in this suit; that the time they became owners and holders of said indebtedness they had neither notice nor knowledge of any claim by plaintiff that she owned any interest in said property; that thereafter the lien securing said indebtedness was duly and legally foreclosed and the said W. A. Hawn purchased said property at foreclosure sale free of and unincumbered by any lien that plaintiff may have, and that defendant, Mrs. Willie Lee Buckner, after said foreclosure sale purchased said property from said W. A. Hawn. Wherefore, having answered herein, these defendants pray that the plaintiff take nothing by reason of her suit and that they be discharged herein with their cost."

The case was tried without a jury, and among other findings the court found: That B. F. Buckner (deceased) purchased the lot in question, paying $800 therefor; that plaintiff gave him the money with which to pay for same; and that under the facts the lot became and was the separate property of B. F. Buckner. The evidence sustains this finding of fact, and the legal conclusion being inescapable, plaintiff's case as pleaded was effectually defeated. However, the court further found: "That B. F. Buckner gave a mechanic's lien to Hawn Lumber Company for $1,973.17 for the purpose of improving the lot, and that on December 14, 1925, the plaintiff, Mrs. P. M. Buckner, paid in cash the sum of $1,400.00 on this note, and that the payment was with the understanding that she take interest in the property based upon this amount. That on July 2, 1929, there was a balance due of $1,075.00, and that conveyance was that day made to Hawn Lumber Company of the premises with full knowledge of the existing trust, and that Hawn Lumber Company conveyed the premises to Mrs. Willie Buckner with knowledge of the trust, and that Mrs. Willie Buckner has since paid $700.00 of the Hawn indebtedness and that the balance of $475.21 has been transferred to Tom Bunn who holds a valid lien to secure same. That the plaintiff was entitled to recover one half undivided interest in said land and premises. The court further found that the plaintiff had given to E. A. Landman, her attorney, a one-third interest in the property recovered."

Based upon the foregoing, the court rendered judgment in favor of plaintiff for an undivided half interest in and to the land and premises, and recognized the interest of plaintiff's attorney, E. A. Landman, to a one-third interest in the recovery, from which defendants appealed, and contend that, as the court found against plaintiff's constructive trust theory, error was committed in holding that the payment by plaintiff of $1,400 on mechanic's lien indebtedness impressed a trust on the land in her favor, for the reason that it was not shown that plaintiff was to take any interest in the property for the money paid.

We sustain these contentions. The record discloses satisfactorily that on December 16, 1925, plaintiff paid $1,400 to Hawn Lumber Company on the B. F. Buckner indebtedness and to that extent discharged the mechanic's lien, but the record is silent as to any agreement, between plaintiff and her son, or with the Hawn Lumber Company, in regard to the terms or conditions of such payment, if any; therefore, the utmost that plaintiff could claim by reason of having made the payment is the right to be subrogated to the mechanic's lien contract, but of this we express no opinion. See outline of the Doctrine of Subrogation, 25 R. C. L. 1311, § 1, and 1337, § 22. However, the right to be subrogated was not insisted upon by plaintiff, and besides her right to do so seems to have been definitely concluded by her agreement of March 14, 1929, hereinafter set out.

The case will have to be reversed and, after due consideration, we have decided to remand for reasons to be stated. The record discloses that B. F. Buckner, by will, gave all his property, real and personal, to his mother, who prior to the execution of the agreement between her and the widow, hereinafter set out, laid claim to the property in controversy; but it is obvious that the will could in no event disturb the widow's homestead rights nor her one-third life estate in the separate property of her husband. These conflicting claims, however, provoked a controversy between the mother and widow,

which they sought to compose and avoid a lawsuit, by an agreement in writing entered into on March 14, 1929, as follows: "We, the undersigned, mother and wife of B. F. Buckner, deceased, do hereby agree to sell the house in which he was living at the date of his death for the following purposes: 1st. To apply the proceeds of the house to the payment of the Hawn Lumber Company debt. 2nd. To apply a part of the balance on hand in payment of the debts of the deceased, and 3rd. To divide any balance equally between us, that may be on hand after the payment and satisfaction of all debts and claims against him. In case of sale of said property, if the purchaser requires that the will shall be probated in order to perfect the title, we each agree to pay our half the expenses thereof. And any other expenses that may be incurred in perfecting the title, parties hereto agree shall be equally divided between us."

The record fails to disclose what, if any, efforts were made to carry out this agreement; but it does appear that on July 2, 1929, after proper advertisement, a valid sale of the premises was made under the trust deed held by Hawn Lumber Company, that W. A. Hawn became purchaser, and on same day conveyed the property to the widow in consideration of $1,075.21 (being the accumulated amount due on the lumber company's debt), of which she paid $600 in cash and executed notes for $475.21.

█ The coincidence of the sale of the land by the trustee and its conveyance by the purchaser to the widow, and the consideration for said conveyance being precisely the amount of the indebtedness, are suggestive circumstances indicating the probable existence of a prior understanding between Hawn Lumber Company and the widow, to circumvent plaintiff and extinguish her rights under the contract of May 14, 1929. If the widow brought about or induced the sale under the trust deed, as a means of extinguishing the rights of plaintiff under the agreement, the property is still subject to its terms. We see no difference in principle between such situation and one presented where a purchaser agrees to pay two mortgages—a prior and a junior—and thereafter suffers sale of the property and becomes purchaser under the prior; in such a situation he is not permitted, under rules of equity, to claim title without discharging the junior mortgage. Beitel v. Dobbin (Tex. Civ. App.) 44 S. W. 299, 301; Jones, Mortg. § 740; Birke v. Abbott, 103 Ind. 1, 1 N. E. 485, 53 Am. Rep. 474; Conner v. Howe, 35 Minn. 518, 29 N. W. 314; Allison v. Armstrong, 28 Minn. 276, 9 N. W. 806, 41 Am. Rep. 281; Maxfield v. Willey, 46 Mich. 252, 9 N. W. 271; Kerr v. Erickson (Tex. Com. App.) 24 S.W.(2d) 21; Tompkins v. Halstead, 21 Wis. 119; 41 C. J. 893, § 1116, p. 6.

However, if the trustee's sale was not collusive, plaintiff's rights were extinguished, Mr. Hawn, purchaser, took title, and his deed to the widow conveyed title, subject only to the notes executed by her for the unpaid portion of the purchase money.

█ The facts under proper pleading may or may not authorize a finding that the trustee's sale was a prearranged affair to extinguish the rights of plaintiff under the contract of March 14, 1928, and if such issue should be found for plaintiff, she would in our opinion be entitled to specific performance of said contract, and it is to have this issue tried out under proper pleading that the case is remanded for further proceedings, for evidently the case was tried on a wrong theory, which presents fundamental error of a nature that we believe justifies the court in remanding the case. See Galveston, etc., Co. v. Hennegan, 33 Tex. Civ. App. 314, 76 S. W. 452, 454; National, etc., Co. v. Patrick (Tex. Civ. App.) 198 S. W. 1050, 1053; Bason v. Bason (Tex. Civ. App.) 260 S. W. 687.

For the reasons stated and purpose indicated, the judgment of the court below is reversed, and the cause remanded for further proceedings.

Reversed and remanded.