WHITE v. SPARKS.

No. 12690.

Court of Civil Appeals of Texas. Dallas.

May 21, 1938.

Rehearing Denied June 25, 1938.

J. L. Turner, of Dallas, for appellant.
W. H. Reid, of Dallas, for appellee.

YOUNG, Justice.

This is an appeal from a judgment of the trial court denying to plaintiff a mandatory injunction after hearing, such allegations and prayer for the relief sought being ancillary to a statutory suit in trespass to try title; plaintiff and defendant being negroes.

As grounds for his suit and mandatory plea, plaintiff alleged the real estate and premises in question had been, prior to the death of his wife, Lela G. White, on September 8, 1937, their community homestead, having been owned and occupied by them for many years. There were no children born to the marriage, but the allegations were that, after his wife's death, plaintiff continued to live in the home, or was attempting to do so, when defendant, a sister, who had been attending the deceased during her last illness, filed in the probate court, the day after the funeral, application for temporary administration, was appointed temporary administratrix, and took charge of said homestead, without notice to plaintiff. Defendant, in a later hearing, was removed as temporary administratrix and ordered to turn the premises, together with all rents and revenues, over to plaintiff, which order recited that Hoyet Armstrong was appointed to succeed said defendant, as administrator of the estate of Lela G. White, deceased, "except as to the aforesaid homestead of deceased and said B. F. White and the rents and revenues therefrom, and as to those, she at once turn the same over to said B. F. White". A further recital of this decree was, "that said homestead is the community estate of deceased and said B. F. White, and that there are no debts due thereon, and by reason of these facts the same is not subject to administration, and this court has no jurisdiction thereof". Defendant excepted to the above probate order, gave notice of appeal to the 95th District Court, with bond fixed on appeal, and has continued to ignore such order by remaining in possession of the homestead property.

In connection with the above suit in trespass to try title, plaintiff recovered the property by sequestration proceedings, but defendant promptly regained possession by filing a replevy bond. Previous to the injunction hearing, plaintiff had been allowed to occupy a downstairs back room, the balance of the home being in possession of defendant, who has been renting same in greater part, collecting rentals, and otherwise exercising every indicia of possession. Defendant's claim of right to possess the property is, in effect, that under the will of deceased, Lela G. White, not yet probated, an interest in the homestead had been bequeathed to the father, Ed Wofford, who thereby became a joint tenant with plaintiff, and defendant was holding, under an agreement with said Wofford, as his representative; also, that plaintiff, having pursued his legal remedy in sequestration, is precluded from injunctive relief.

■ Plaintiff's application for mandatory injunction followed the above sequestration proceedings. Upon hearing of plaintiff's demand for immediate possession of the whole of the premises, defendant was ordered to desist "from interfering with plaintiff's possession, use and enjoyment of that portion of the house now occupied by him", upon bond of $100, which was furnished by plaintiff. Exception and appeal was taken, however, from the denial by the court of the relief for which plaintiff had theretofore prayed. Defendant further urges as a counter proposition, that "Where a party seeks injunction, and the court grants same in part and he accepts the judgment of the court and makes his bond in accordance therewith, he cannot be heard to complain of that judgment which he has thus accepted and agreed to". Disposing of the defendant's proposition of law just quoted, we think the effect of the judgment of the trial court was a tacit denial in toto of the relief plaintiff sought in the hearing. Plaintiff gained nothing on his hearing for injunction over the privilege he had already been accorded—a permissive use by defendant of one room in the home—conditioned upon his filing the aforesaid injunction bond. There was, therefore, no election to accept under the court's order, which in any wise precluded an appeal.

■ This being a preview of matters preliminary to a trial of the main case, we will carefully and briefly confine ourselves to the issues here raised. Clearly, the facts before us invoke the application of Art. 16, Sec. 52 of our State Constitution, Vernon's Ann.St.Const. art. 16, § 52, and it is significant that defendant cites no cases in support of her alleged right of possession.

This article is such familiar law, that a reference thereto only should be sufficient. It provides, in material part: "On the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead * * *".

There is nothing in this record which negatives the right of plaintiff to have and enjoy the full and comfortable use of his homestead so long as he may elect to use it as such; and the trial court erred in refusing to plaintiff, as the surviving husband, the present benefits and occupancy above guaranteed. Defendant's claim to the property under an agreement with Ed Wofford, an alleged devisee under the will of Lela G. White, deceased, not probated, is untenable. A devise by will cannot disturb homestead rights. Buckner v. Buckner, Tex.Civ.App., 51 S.W.2d 769; 22 Tex.Jur., Homestead, sec. 241. A claim of tenancy in common, or even actual joint ownership, is wholly insufficient. Pleasant et al. v. Sanders et al., Tex.Civ.App., 46 S.W.2d 1045. The statutory replevy bond, providing only that the defendant will not injure the property, and that he will pay the value of the rents of the same, in case he shall be condemned to do so, is not available as against present dominant homestead rights; the Constitution plainly forbidding any forced deprivation thereof. Sampson & Keene v. Williamson, 6 Tex. 102, 55 Am. Dec. 762; Crowder et al. v. Union Nat. Bank of Houston, 114 Tex. 34, 261 S.W. 375. The value of the use and occupancy of the homestead has been held as not being susceptible of measurement in damages. Gates v. Pitts, Tex.Civ.App., 291 S. W. 948. Referring to section 52, above, Judge Looney, in McCusker v. Field, Tex. Civ.App., 76 S.W.2d 816, 818, said: "These provisions protect the homestead to the surviving spouse against all creditors and heirs, and the survivor cannot be divested, except by his or her voluntary action, such as an abandonment or some species of alienation". See Woods et al. v. Alvarado State Bank, 118 Tex. 586, 19 S.W.2d 35, as to the necessity of liberally construing these provisions of the Constitution.

It was not necessary for plaintiff to have exercised his remedy by sequestration, the result demonstrating the same as not being efficacious. Hence, under our blended system, plaintiff was justified in resorting to immediate relief of injunction, the legal remedy by trespass to try title proving wholly inadequate. Buchanan v. Wilburn, Tex.Civ.App., 105 S.W. 841; Art. 4642, R.S. It is well settled that, in cases involving the title or right to possession of property, the courts will, by prohibitive injunction, restrain the disturbance of the status quo, or, by mandatory injunction, restore it, when the person seeking remedy was in peaceable and rightful possession of the premises, and his possession disturbed by trespass; the equities being such as to require that the possession thus wrongfully invaded be restored and the original status of the property be preserved, pending the decision of the issues in the case. Houston Funeral Home v. Boe, Tex. Civ.App., 78 S.W.2d 1091; Berwald's, Inc. v. Brown et al., Tex.Civ.App., 69 S.W.2d 221; Texas Pipe Line Co. v. Burton Drilling Co., Tex.Civ.App., 54 S.W.2d 190. The status quo in such cases is defined as being "the last actual, peaceable, noncontested status of the parties to the controversy, which preceded the pending suit", City of Farmersville v. Texas-Louisiana Power Co. et al., Tex.Civ.App., 33 S.W.2d 272, 275, which, we conclude here, to have been plaintiff's situation immediately following his wife's death.

The facts gleaned from the record before us, indicate the defendant to be no more than a trespasser holding the property, and we conclude the right of plaintiff to relief by injunction to maintain this status quo, pending a trial on the merits, is complete. All counter propositions of defendant, upon full consideration, are overruled.

The judgment of the trial court is reversed and here rendered, granting the mandatory injunction, as prayed by plaintiff. This judgment is without prejudice to the right of plaintiff to pursue any remedy to which he may be entitled under the replevy bond, on trial of the main case.

Reversed and rendered, with instructions.