CECIL v. DOLLAR et al.

No. 11847.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 29, 1948.

Rehearing Denied Oct. 27, 1948.

Charles D. Bates, Jr., of Cotulla, Johnson & Farrow, of Carrizo Springs, for appellant.

Willson & Hargrove, of Cotulla, for appellees.

NORVELL, Justice.

Mrs. Amy L. Cecil, widow of W. M. Cecil, has appealed from a judgment rendered against her in a trespass to try title action. Mrs. Cecil claimed one-half of all the oil, gas and other minerals underlying 640 acres of land located in La Salle and Dimmit Counties, Texas, described as Survey 26, Block 5, I. & G. N. Ry. Survey. The adverse claimants were Bill Dollar and those claiming under him, who were plaintiffs below. The case is before us upon findings of fact and conclusions of law. Rule 296, Texas Rules Civil Procedure. The evidence is for the most part documentary and undisputed. The following, taken from appellant's brief, is a correct statement of the facts in the case:

"On May 11, 1923, W. M. Cecil (deceased husband of Amy L. Cecil, defendant) executed a deed of trust on 640 acres of land, including all minerals, to secure a note of even date therewith to G. R. Newman in the sum of $2000.00, due on or before 5 years.

"On August 27, 1924, Cecil conveyed said land to A. L. Blount, who, as part of the consideration, assumed the Newman indebtedness. One-half of the minerals was expressly reserved to the grantor, Cecil.

"On August 10, 1925, A. L. Blount conveyed said premises less the one-half ($\frac{1}{2}$) mineral interest to Bill Dollar, who, as part of the consideration, expressly assumed payment of the Newman indebtedness.

"On January 2, 1931, Bill Dollar executed an extension of said indebtedness to G. R. Newman, the owner and holder of said note, whereby the time of payment of said note was extended for a period of five years from January 12, 1931. Said extension was made without the knowledge or consent of Cecil.

"On or about January 5, 1934, about 30 days prior to the date of the trustee's sale, Dollar borrowed $1100.00 from J. L. Bohannon for the purpose of buying in said land at trustee's sale.

"On February 6, 1934, upon default in the payment of the Newman note as extended by Dollar, a trustee's sale was held at which sale the land was brought in by Dollar, and a trustee's deed was executed to him."

The trustee's deed contained recitations that the note had been extended; that the payee had refused to pay interest installments due thereon on January 1, 1934, and that the holder of the note had declared the entire note due and requested the trustee to sell the property. The deed purported to convey all the property described in the deed of trust (executed in 1923 by W. M. Cecil) and sought to "bind and obligate the said W. M. Cecil, his heirs, executors and administrators to for-

ever warrant and defend the right and title of said property to the said Bill Dollar his heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof."

It will therefore be seen that Dollar, by breaching his agreement and refusing to pay interest installments upon the note which he had assumed, brought about a trustee's sale at which he purchased the property and acquired all the oil, gas and minerals underlying the tract, whereas theretofore he had title to only one-half of said minerals.

This suit was not filed until 1947 and, in answer thereto, Mrs. Cecil, her husband being then deceased, complained of the transaction whereby Dollar acquired title to the Cecil minerals. In reply the plaintiffs pleaded the four year statute of limitations, Article 5529, Vernon's Ann.Civ. Stats., and laches.

. Judgment was in favor of Bill Dollar's administrator and heirs, the original plaintiff having died during the pendency of this suit. Mrs. Cecil has appealed and presents fifteen points of error which raise two controlling contentions.

First: That as Cecil did not join in the extension agreement of January, 1931, his retained mineral interest was released.

Second: That as Dollar had agreed to pay off the mortgage, which would discharge the Cecil mineral interest of indebtedness secured thereby, he (Dollar) is estopped to rely upon his failure to fulfill his contractual obligations and assert title to said mineral interest adverse to Cecil, but should be charged with such interest as a trustee under a constructive trust.

Relief by way of an action for damages for the loss of the mineral estate was probably barred by limitation and was not prayed for by appellant. The trial judge, as we interpret his conclusions of law, held that relief in the nature of cancellation of the trustee's deed was barred by limitation and we agree with this holding. Appellant is consequently relegated to a claim of equitable title under a constructive trust, insofar as her second controlling contention is concerned.

In support of her first contention, appellant calls attention to the case of Red River National Bank v. Bray, 105 Tex. 312, 148 S.W. 290, 291, wherein the Supreme Court said:

"The established rule of law is that if, without the consent of the surety, a binding agreement is made between the creditor and the principal debtor for an extension of the maturity of the debt, the surety is released; and the effect is the same as to property that stands in the relation of a surety, as did the property of Mrs. Bray in this case."

■ However, in the recent case of Texas Land and Mortgage Company v. Cohen, 138 Tex. 464, 159 S.W.2d 859, the Supreme Court very carefully reviewed the applicable statutory enactments, Articles 5520 and 5522, Vernon's Ann.Civ., Stats., and came to the conclusion that a contract of extension executed by the owner of the surface and one-half the minerals had the effect of keeping alive the lien as it had theretofore existed upon all the land in suit, including the one-half mineral interest owned by a party who did not join in the extension agreement, but whose title to such minerals was subject to the original lien. Upon authority of the case cited, we overrule appellant's first contention, above stated.

■ If the point were an open one, the writer would be inclined to sustain appellant's second contention above stated, and recognize a constructive trust, which is simply a device employed by equity to prevent a person from retaining property when he is not in good conscience entitled to it. 54 Am.Jur. 167, § 218.

However, in Talley v. Howsley, 142 Tex. 81, 176 S.W.2d 158, upon facts similar to those disclosed by the record here, the Supreme Court held that "the failure to discharge a promise of something to be done in the future is not fraud," and that consequently an essential element necessary to create a constructive trust was lacking. The Supreme Court also held the cases of Beitel v. Dobbin, Tex.Civ.App., 44 S.W. 299, and Kerr v. Erickson, Tex. Com.App., 24 S.W.2d 21 (cited by appel-

lant in this case upon the issue of estoppel), were not in point upon the facts.

■ The Supreme Court does not hold that a person in the position of appellant is without remedy, but does hold that the appropriate remedy is not by way of constructive trust. Remedies suggested by the opinion of the Supreme Court are now apparently barred by limitation.

Upon authority of Talley v. Howsley, we overrule appellant's second contention.

Appellant's points have all been considered and are overruled. The judgment is affirmed.