S. J. FORSGARD AND WIFE v. DAN FORD ET AL.

No. 167.

### 1. Part of House upon Homestead can not be Subjected to Execution.

A part of a house standing upon a lot that is homestead can not be subjected to forced sale under the Constitution and laws ................ 187

### 2. Same—Case in Judgment.

A two-story house 85 feet long and 25 feet in width was built upon a lot used as homestead. The cellar, the upper story, and over two-thirds of the first floor were in actual use in homestead purposes; the front part of first floor, divided into two small rooms, was leased to tenants. *Held*, that the two small rooms could not become subject to execution and thus be detached from the house, which was exempt as part of the homestead lots ................................................. 188

ERROR to Court of Civil Appeals for Third District, in an appeal from McLennan County.

The lots in controversy, claimed by plaintiffs in error as homestead, were lots 4 and 5 in block number 2, fronting on Bridge Street, city of Waco; also lots 10, 11, and 12, on same block, but across an alley from the first named lots. The annexed plat shows the situation of the buildings, etc., upon lots 4 and 5. There was no controversy about the character of use to which the lots numbers 10, 11, and 12 were applied. They seem to have been conceded to be part of the homestead.

*Robertson & Davis*, for plaintiffs in error.—The homestead in a city, town, or village shall consist of lot or lots not to exceed in value $5000 at the time of their designation as the homestead, without reference to the value of any improvements thereon; provided, the same shall be used for the purposes of a home, or as a place to exercise the calling or business of the head of a family; provided, also, that any temporary renting of a homestead shall not change the character of the same when no other homestead has been acquired; and if S. J. Forsgard and wife used the lots in

question in connection with and for their homestead, and the same were and are necessary to their enjoyment of their homestead, a renting of a part of two houses will not destroy their homestead right to said houses, provided parts of the same are necessary for family uses and for business purposes.    Const., art. 16, secs. 50, 51; Axer v. Bassett, 63 Texas, 545; Medlenka v. Downing, 59 Texas, 32; Shryock v. Latimer, 57 Texas, 674; Blum v. Whitworth, 66 Texas, 350, 628; Bowman v. Watson, 66 Texas, 295; Malone v. Kornrumpf, 84 Texas, 454; Hancock v. Morgan, 17 Texas, 582; Andrews v. Hagadon, 54 Texas, 571.

*Baker & Prendergast*, for defendants in error, cited: Wynn v. Hudson, 66 Texas, 1; Medlenka v. Downing, 59 Texas, 32; Shryock v. Latimer, 57 Texas, 674; Hargadine v. Whitfield, 71 Texas, 482; Duncan v. Alexander, 83 Texas, 441; Pfeifer v. McNatt, 74 Texas, 640; Oppenheimer v. Fritter, 79 Texas, 103; Houston v. Newsome, 82 Texas, 80; Blackburn v. Knight, 81 Texas, 326; Duncan v. Alexander, 83 Texas, 441.

BROWN, Associate Justice.—This suit was instituted in the District Court of McLennan County, to enjoin the sale by Dan Ford, sheriff of said county, of one-half of lots 4 and 5 and all of lots 10, 11, and 12, block number 2, in the city of Waco.

Mary A. Hanna recovered a judgment against J. S. Fosgard for $4182.30, and defendants T. J. Harper, M. M. Harper, Mary A. Hanna, F. J. Vesey, and J. B. Vesey recovered judgment against said Fosgard for $1079.48, upon each of which judgments execution was issued, placed in the hands of the sheriff, and by him levied upon the property described above.

The plaintiffs, Fosgard and wife, claimed the lots as part of their homestead, and the district judge issued a writ of injunction enjoining the sale of the lots, which, upon trial before the court, were found to be exempted as part of the plaintiffs' homestead, and the injunction was perpetuated.

Upon appeal, the Court of Civil Appeals found that so much of lot 5 as is covered by a one-story brick building was subject to forced sale, and that all of that half of lot 5 involved in the suit was part of the homestead and exempted, but that two rooms on the first floor of the building were not exempted, and decreed that these rooms be sold; dissolving the injunction as to so much of lot 5 as was covered by the one-story brick building, and as to the two rooms in the building on lot 4.

Under the findings of fact by the Court of Civil Appeals, the judgment of that court as to the one-story brick and that part of lot 5 must be affirmed.

The facts as found by that court with reference to the half of lot 4 are, in substance, that the lot 4 fronted on Bridge Street 25 feet, with a two-story house upon it, covering the entire front and running back 85

feet. Under the entire house, running up to the front, was a cellar. The first floor above the cellar was divided into three rooms, by running a partition across the house 25 feet from the front, and another partition dividing the front into two rooms fronting on the street. The Court of Civil Appeals finds that the entire lot under the house is exempted as homestead by reason of its use; that the rear room on the first floor and the second story are likewise exempted, but that the two front rooms on the first floor are not exempted, they having been abandoned as a homestead and rented out for other uses. The question presented is, Can a part of a house standing on a lot that is homestead be subjected to forced sale under our Constitution and laws?

The house upon lot 5 was a fixture within the meaning of the law, and as such was a part of the land itself. A sale of the land would carry the house and every part of it. Hutchins v. Masterson, 46 Texas, 555; Sinker, Davis & Co. v. Comparet, 62 Texas, 476. The house being attached to and a part of the realty, could not be seized and sold separately from the land. Willis v. Morris, 66 Texas, 628.

The Constitution of this State, article 16, section 51, defines an urban homestead in this language: "The homestead in a city, town, or village, shall consist of lot or lots not to exceed in value $5000 at the time of their designation as a homestead, without reference to the value of any improvements thereon; provided, that the same shall be used for the purposes of a home, or as a place of business to exercise the calling or business of the head of the family; provided, also, that any temporary renting of the homestead shall not change the character of the same when no other homestead has been acquired."

By this provision of the Constitution the exemption is placed upon the lots, and not upon the improvements. This is emphasized by the further provision, that the value of improvements shall not be included in determining the right. The use of the lot or lots impresses upon the land the homestead character. Whatever is so attached to the land as to become a part of it must partake of the character of the land; and if the land is subject to sale, the improvements upon it will be subject; if, however, the land can not be sold, neither can the structures built upon it as permanent buildings, adapted to its use and intended by the owner for such purposes.

It would not be contended, if this lot were not exempt from forced sale, that the sheriff could seize and sell the two rooms under these executions, nor would it be asserted that a sale of the lot would not carry the whole house. If the house, as a whole, be a part of the realty, as it evidently is, how can it be said that a portion of the house is not a part of the land; and if it be a part of the lot, under what rule of procedure can it be separated from the lot for the purposes of seizure and sale under execution?

Let us suppose that the house should be destroyed by fire. The purchasers of these rooms would not be entitled to participate in the erection of another building upon the lot. The result of such a doctrine would be, that the land under the house would be protected by the Constitution, but the use of a part of it would not be. The purchaser of the two rooms would not dare, without the consent of the owner, to set foot on the soil, for if he did so he would be a trespasser; and the owner of the soil upon which the house stands would likewise be a trespasser if he, without consent, entered the two rooms which rest upon the soil.

This doctrine has been asserted and acted upon in Iowa under the statutes of that State. McCormick v. Bishop, 28 Iowa, 239. In that case the lots and the lower rooms were sold, and the upper rooms held to be homestead. It is evident that the statutes of that State are very different in their provisions from our Constitution, or the decision is not correct. The court say in that case, that " the owner might grant the right to use a part of the house, or he might sell the lot and reserve a use in a part of the building, and why is it that the like result can not be reached by forced sale?'' The reason is plain; the owner is not inhibited by the Constitution from disposing of the homestead as he and his wife may deem best; but the officers of the law have no rights by the process of courts to enter the precincts of the homestead to parcel out the use and ownership of that which the Constitution has exempted from the claims of creditors and the powers of courts and officers.

In Wisconsin the Supreme Court has held, that no part of the house upon the lands exempted can be sold. One member of the court dissented, but we think that the reason of the law is with the majority of that court. Phelps v. Revney, 9 Wis., 70.

The Court of Civil Appeals erred in holding that the two rooms in the house on lot 4 were subject to forced sale, for which error the judgments of the District Court and Court of Civil Appeals are reversed, and this court now renders such judgment as the Court of Civil Appeals should have rendered on the facts found by it.

It is ordered, that the injunction be dissolved as to so much of lot 5, block 2, in the city of Waco, as is covered by the one-story brick building, and the same is adjudged subject to sale under the executions levied upon it; and that as to the remainder of said lot 5 and half of lot 4 and lots 10, 11, and 12 in said block 2, the said injunction be and the same is made perpetual; and that the plaintiffs in error, S. J. Forsgard and F. G. Forsgard, recover of defendants in error and their sureties on their appeal bond all costs; and that this judgment be certified to the District Court for observance.

· *Reversed and rendered.*

Delivered June 27, 1894.