**PETERS v. TEXAS IMPLEMENT CO.**
**(No. 384.)**

(Court of Civil Appeals of Texas. Waco. June 17, 1926.)

**1. Account, action on ⬅═6(3).**

Creditor's petition containing itemized statement of account showing item of interest, for which judgment was asked, *held* to support finding of amount of interest due.

**2. Account, action on ⬅═7.**

Evidence *held* sufficient to support judgment for creditor for balance due including interest for goods sold and delivered.

Appeal from Tarrant County Court; P. W. Seward, Judge.

Action by the Texas Implement Company against C. C. Peters. Judgment for plaintiff, and defendant appeals. Affirmed.

Slay, Simon & Smith and Chas. B. Stewart, all of Fort Worth, for appellant.

Alfred H. Eaton, of Fort Worth, for appellee.

BARCUS, J. This suit was instituted by appellee to recover from appellant a balance of $490.15, including interest, for goods, wares, and merchandise which appellee sold and delivered to appellant. Appellant filed an answer, but on the trial of the cause to the jury offered no testimony in support of his defensive pleas. Appellee, by competent testimony, established its cause of action, and the jury returned a verdict for the amount sued for.

[1, 2] Appellant, based on his assignments of error, presents three propositions: First, that the court erred in not sustaining his general demurrer; second, that there was no pleading or testimony to support the jury's finding as to the item of interest; and, third, that there was no evidence to support the jury's finding that appellee sold the goods. We have examined all these and do not think any of them show reversible error. The petition was full and complete and attached thereto and made a part thereof was an itemized statement of the account showing an item of interest figured to April, 1924, for which judgment was asked. E. H. Buie, who was the manager of appellee, a corporation, testified that the account included interest to April 21, 1924; that the account was just, due, and unpaid; that the charges for the merchandise are reasonable; and that he sold same to appellant. This testimony was undisputed and supports the judgment.

The judgment of the trial court is affirmed.