Reynolds & Heare, of Shamrock, for appellants.

Fischer & Fischer, of Amarillo, for appellee.

### HARTELL et ux. v. TULSA RIG, REEL & MANUFACTURING CO.

### No. 4081.

Court of Civil Appeals of Texas. Amarillo.

Oct. 25, 1933.

JACKSON, Justice.

On September 8, 1932, appellee, Tulsa Rig, Reel & Manufacturing Company, a private corporation, instituted this suit in the district court of Gray county, Tex., against appellants, Raymond Hartell, and his wife, Mary Hartell, to recover a balance of $2,-130.27, the aggregate amount of principal, interest, and attorney's fees evidenced by a vendor's lien note executed by Raymond Hartell and payable to appellee in forty monthly installments of $50 each, and to foreclose a vendor's lien and deed of trust lien given to secure the payment of said sum, on lot 2 in block 5 of the Hillcrest addition to the town of Pampa, Gray county, Tex.

The appellants filed separate answers, claiming the property involved constituted their homestead, for which reason appellee's asserted liens were void and unenforceable.

The admitted facts are that appellants were married in 1917, since which date they have continuously lived together as man and wife. In 1926 they erected a three-room house on real estate owned by the Fox Rig & Lumber Company. In 1930 the appellee entered into an agreement with Raymond Hartell to purchase for him from Charles W. Flint lot 2 in block 5, which was vacant and unimproved, for $500, and to pay said consideration therefor, advance the money for moving said three-room house from its then location onto said lot 2, and building an additional room to said three-room house and a foundation for the entire house so improved, provided Raymond Hartell would accept the deed in which should be retained a vendor's lien against the lot, execute a vendor's lien note for the aggregate of said items, and also a deed of trust against the property to secure the payment of the note. It was estimated that the consideration for the lot, moving the three-

room house, and the additional improvements agreed upon, would amount to $2,000, but it was understood if the aggregate sums advanced were less than $2,000, Raymond Hartell was to receive credit on the note for the difference.

In pursuance to this agreement, appellee had the lot conveyed to Raymond Hartell by proper deed which retained the lien to secure it in the payment of $2,000, payable in forty monthly installments of $50 each, for which the grantee executed his installment vendor's lien note payable to appellee, and also a deed of trust on the lot and improvements to secure the payment of said sum. The appellee moved the house onto said lot 2, built the foundation and the additional room as per agreement, and appellants moved into the house so improved, which they still occupy, use, and enjoy as their home.

The wife, Mary Hartell, did not execute any conveyance to her homestead rights in the three-room house; neither did she execute any instrument creating a lien for the additional improvements placed on lot No. 2 by appellee or creating a lien against said three-room house. The appellee knew that the three-room house was and had been claimed, used, and occupied by the appellants as their homestead prior to its removal, and was, after being moved onto said lot, to continue as their homestead. The three-room house, after its removal, was enlarged to four rooms, all of which was attached to a permanent foundation and became a permanent fixture, and the removal of the improvements from such lot is impracticable, would cause irreparable injury to said house, and destroy the value thereof as appellants' home.

On these facts appellants sought to defeat the foreclosure of the lien on the lot and the improvements, but asked, in the alternative, that, if it was determined that a lien existed, the foreclosure thereof be limited to a sale of the lot under execution and they allowed the right to remove their home from said lot.

The case was submitted to the court without the intervention of a jury, and judgment rendered against Raymond Hartell for the sum of $2,130.27 and that the vendor's lien and deed of trust lien be foreclosed as to both of appellants against the lot and the improvements thereon.

Appellants concede the right of appellee to have the lot sold as decreed, but insist that the court erred in foreclosing appellee's lien against the improvements, because of the appellants' homestead rights in the three-room house.

In Cullers & Henry v. Libby James, 66 Tex. 494, 1 S. W. 314, 315, the Supreme Court says: "It is contended that the homestead,

under the constitution, cannot embrace personal property. The exemption is, in terms, of lots or acres of land; but the object was to secure to the family a home. 'House' is necessarily embraced in the word 'homestead.' Franklin v. Coffee, 18 Tex. 417 [70 Am. Dec. 292]. If the head of a family owns a house, and no interest or estate in the land on which it stands, the house is a chattel. If he occupies it with his family, it is their home. He may be compelled to move it from one lot to another as fast as legal process can oust him, still, though ambulatory, unsatisfactory, and in all its appointments mean; though it advertises the thriftless poverty of its proprietor, and is a caricature of the princely possibilities of the exemption laws,—it is the home of a family, and is embraced in the spirit and purpose, if not the letter, of the constitution." See, also, Nunn, Texas Homestead and Other Exemptions, p. 114, and authorities cited; 29 C. J. p. 821, § 90.

Under the admitted facts and the law as announced by the Supreme Court in Cullers & Henry v. Libby James, supra, the three-room house constitutes appellants' homestead, and appellee acquired no lien thereon, as there was no compliance with article 16, § 50, of the Constitution and article 5460, R. S., and the court was not authorized to foreclose appellee's liens against the three-room house.

It is conceded that appellee's vendor's lien was good against the lot, and in our opinion it was also valid, and appellee entitled to a foreclosure thereof, against the improvements placed thereon out of the material and labor furnished by appellee, exclusive of the three-room house.

In West End Town Co. v. Grigg et al., 93 Tex. 451, 56 S. W. 49, 50, in passing upon a state of facts involving the same principle, the Supreme Court says: "The agreement between Grigg and the builder for the erection of a residence upon the lots in question, with the notes of Grigg and wife to the West End Town Company for the price of the work, formed a contract for the improvement, and the conveyance of the lots by Grigg and wife to the plaintiff in error and the reconveyance to them constituted a mortgage to secure the notes. The instruments were all executed at the same time, and, when the contract for the building became binding, the lien of the mortgage to secure the notes became effective and attached to the lots in question. No homestead exemption existed prior to the last act by which the transaction was completed, but, the intention to occupy continuing with Grigg and wife, the constitutional immunity from debts then arose in their favor as to future transactions, but did not invalidate the lien which had attached to the lots. Swope v. Stantzenberger [59 Tex. 389], cited above.

The effect of the judgment in this case is to hold that, when the contract and mortgage took effect, therefrom arose a right in Grigg and wife which destroyed the lien that secured the notes. In other words, the negotiation was self-destructive, for, by its completion, it destroyed the lien upon which it rested. Such a proposition cannot be sustained consistently with the uniform holding of this court that a pre-existing lien is not affected by the subsequent acquisition of a homestead right in the property. The facts found by the trial court clearly show that there was no homestead exemption in favor of Grigg and wife at the time this contract was made, and the trial court erred in refusing to enter judgment foreclosing the lien created by the mortgage." See, also, Keys et al. v. Tarrant County Bldg. & Loan Association (Tex. Civ. App.) 286 S. W. 593.

■■ The admitted facts show conclusively that the three-room house belonging to appellants is a permanent fixture attached to the lot on which it stands, without any agreement for the removal thereof, and therefore is a part of the realty. Glenn v. Shamburger et al. (Tex. Civ. App.) 240 S. W. 701; Forsgard et ux. v. Ford et al., 87 Tex. 185, 27 S. W. 57, 25 L. R. A. 155.

Under the facts and these authorities, the appellants are not entitled to remove the three-room house from the lot.

The record indicates that a fair and equitable division of this property cannot be made, and, if upon another hearing the court should determine this to be true, he should then ascertain the respective values of appellants' and appellee's interest in the property and order a sale thereof and the proceeds distributed in proportion to such values.

"If in any partition, where the homestead is involved, it appears that the partition cannot be had in kind in such a manner that the homestead may be segregated from the portion that is not homestead, then a sale of the entire property, including the homestead, may be ordered; and in such an event, the court ordering the sale would retain jurisdiction of the portion of the property that represented the homestead, and would have the power to make any order with reference thereto that may be necessary for the proper protection of the homestead rights; and if necessary, may order that such portion of the funds as represented the homestead be reinvested in other property adaptable to the homestead use, and the homestead rights impressed thereon." Nunn, Texas Homestead & Other Exemptions, p. 256.

This text is based on the authority of Lucas v. Lucas, 104 Tex. 636, 143 S. W. 1153; Whiteman v. Burkey, 115 Tex. 400, 282 S. W. 788.

The judgment is reversed, and the cause remanded.