N. F. ROACH ET AL V. JOHN GRANT ET AL.

No. 7334.  Decided July 19, 1939.
Rehearing overruled October 11, 1939.
(130 S. W., 2d Series, 1019.)

*H. S. Bonham* and *J. A. Wood,* of Corpus Christi, and *Dan Moody,* of Austin, for plaintiffs in error.

Since the substance of the agreement between Roach and Grant was that Grant would not use the property as his own, but would use it in a specified way for the purpose of reconveying to Roach, and since this was an agreement made between a mortgagor and the purchaser at the foreclosure sale, the purchaser agreeing to reconvey upon being reimbursed for the indebtedness against the property, Grant was thereby constituted a trustee of the property for the benefit of Roach, and since he was a trustee of the property he could not revoke the trust or deprive the property of its trust character by purchasing the·property for himself, either directly or indirectly. City of Austin v. Cahill 99 Texas 172, 88 S. W. 542; Clark v. Haney, 62 Texas 511; Kreis v. Kreis, 57 S. W. (2d) 1107.

*John C. North,* of Corpus Christi, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit involves primarily the title to Lots 13 and 14, Block 41, of the Bluff portion of the City of Corpus Christi,

Nueces County. These two lots were conveyed by Margaret Kelly to plaintiff in error, N. F. Roach, August 18, 1924, and a vendor's lien was expressly retained to secure payment of one note for $1500.00 executed by Roach and payable to Margaret Kelly. This vendor's lien note was afterwards assigned to Lydia Roberts, and on August 15, 1929, Roach and Lydia Roberts entered into an extension agreement.

Shortly after the purchase of said lots, Roach built four apartment garages upon same, and moved with his family into one of said apartments. Prior to the acquisition of said lots he resided upon Lot 1 of said Block 41, which lot adjoined said Lots 13 and 14. On December 10, 1926, Roach, without joinder of his wife, executed deed of trust lien in favor of Smith Brothers, Inc., upon said Lots 13 and 14 to secure payment of a paving certificate issued by the City of Corpus Christi in the sum of $655.96, with interest, etc. On June 11, 1931, Smith Brothers, Inc., instituted suit in the District Court of Nueces County against Roach and his then wife, Mrs. Fern Roach, Margaret Kelly and Lydia Roberts, to recover upon the paving certificate and to foreclose the lien securing same. Although all parties were duly served, Mrs. Roach died before entry of judgment in said cause. No suggestion of the death of Mrs. Roach was made to the court, and on September 15, 1931, judgment was entered in favor of Smith Brothers, Inc., in the sum of $843.95, and for foreclosure of the lien upon said two lots. This judgment appears regular upon its face. Under order of sale by virtue of said judgment the Sheriff of Nueces County sold said lots and John Grant, defendant in error here, became the purchaser of same.

■ The validity of this sale has not been attacked in petition for writ of error on any ground, and we must necessarily hold in this case that it passed the title to said lots as against both plaintiff in error, N. F. Roach, and his former wife, Mrs. Fern Roach. Whether or not the foreclosure of the paving lien had the effect of extinguishing the prior vendor's lien held by Lydia Roberts, it is not necessary for us to authoritatively determine. Grant, as purchaser, appears to have had no intention of defeating the Lydia Roberts lien, but in buying the land intended to protect said lien.

The sheriff's deed was dated March 1, 1932, and on March 26, 1932, at the instance of plaintiff in error Roach, the following agreement was entered into:

"Memorandum of Agreement, between John Grant, first party,

and N. F. Roach, second party, both of the County and State aforesaid, Witnesseth:

"The said John Grant, owner of Lots numbered Thirteen (13) and Fourteen (14), in Block numbered Forty-one on the Bluff portion of the City of Corpus Christi, in said County and State, hereby covenants and agrees to sell and convey said property to the said N. F. Roach, upon and after fulfillment of the terms and conditions set forth below:

"The said N. F. Roach agrees to remove his place of residence from said property, and to abandon the same, on or before the 10th day of April, A. D. 1932, and the same is thereafter to be and remain in the entire and undisputed possession and control of said John Grant, who shall rent and lease the same, collect the rents therefor, pay, when necessary, the utility charges, as water lights, gas, etc.

"The said John Grant shall apply such rents, or other income from said property, first to the payment of himself, of the sum of eight hundred eighty-three ($883.00) Dollars, with interest thereon from March 1, 1932, at the rate of 8% per annum; and when said sum shall have been fully paid, he shall thereafter apply such rents, other income from said property, to the payment of Mrs. Lydia Roberts, of the amount claimed by her on a vendor's lien note formerly held by her against said property for the sum of One Thousand five hundred dollars, with interest thereon as in said note specified; and when both of said amounts, with interest, have been fully paid and satisfied, then the said John Grant shall grant, sell and convey by good and sufficient deed unto the said N. F. Roach, the said property above mentioned, with special warranties only.

"It is further understood and agreed by and between said parties, that, in case suit is filed for the collection of delinquent taxes, or in case said property shall be, or shall be sought to be, subjected to the levy of execution, attachment or other writ, the said John Grant shall have the option, either to pay and satisfy such writ and to add the amount so paid, with costs and necessary expense, to the sums to be paid out of said rents and income, as aforesaid; or to terminate and annul this contract and refuse and deny to be further covered or bound thereby.

"It is finally understood and agreed, that the said John Grant shall be allowed to keep and retain any sums that may be necessarily paid as expense, commission or otherwise, in the collection of said rents and income; and this agreement shall be held in possession of Frank Onzon, attorney, as trustee for both parties."

Following the execution of this instrument, Roach abandoned the property and turned possession of same over to Grant, who undertook to rent the apartments, and in that way obtain sufficient moneys to pay the amount expended by him and the indebtedness held by Lydia Roberts. It is undisputed that prior to January 9, 1933, he had not received sufficient income to pay anything on the indebtedness due Lydia Roberts, or even enough, after allowance of credits allowable under the contract, to cover the amount which he had paid at the foreclosure sale. On January 9, 1933, Lydia Roberts filed suit against Roach and against his second wife, Eunice Roach, and Cora Ann Roach, an adopted daughter, as well as others, for foreclosure of her vendor's lien against said Lots 13 and 14. Proper service was had upon all defendants, guardian ad litem was appointed to represent Cora Ann Roach, and on June 1, 1933, judgment was entered in favor of Lydia Roberts for the amount of her debt, interest and attorney's fees, and for foreclosure of her vendor's lien. Under order of sale, based on said judgment, said lots were sold by the Sheriff of Nueces County and Lydia Roberts became the purchaser of same for a sum sufficient to satisfy her judgment. A few days later, Lydia Roberts conveyed the property to defendant in error Grant.

It is appropriate to state here that this sale has not been attacked in petition for writ of error on any ground, and it must necessarily be held in this proceeding to have been valid in all respects against all plaintiffs in error.

After execution of the agreement set out above, and when possession of the property was turned over to defendant in error Grant, certain furniture which Roach had put in the apartments was permitted to remain in said apartments. It is admitted by plaintiff in error Roach that it was agreed that said personal property was to remain in said apartments in order to increase the rents and revenues which might arise from the renting of same, so that the indebtedness on said property might the sooner be paid off and discharged.

The present suit was instituted by N. F. Roach individually, joined by his second wife, and as next friend of Cora Ann Roach, a minor. They will be designated plaintiffs. It was against John Grant, who will be designated defendant. The suit was in nature of trespass to try title, and sought recovery of said Lots 13 and 14. The petition also contains elaborate allegations concerning the various transactions hereinbefore mentioned, by which it was claimed that defendant Grant held title to said property impressed with a trust, that the rents and revenues received from said property were more than sufficient

to pay off and discharge the indebtedness mentioned in said contract, as well as expenses allowable thereunder; and plaintiffs sought to have specific performance of said contract by conveyance of said lots to them. There was also a prayer that they recover the personal property that was in the said apartments at the time possession was delivered to defendant, or a reasonable rental for the use of same.

At the conclusion of the trial the court instructed a verdict against plaintiffs that they take nothing, and in favor of defendant for the title and possession of said land and premises. This judgment was affirmed by the Court of Civil Appeals. 107 S. W. (2d) 1018.

■ There was no proof of any agreement or promise on the part of defendant to purchase this property at the foreclosure sale and hold same for plaintiffs, subject to payment of the purchase money and other indebtedness with rents and revenues. The contract in question was entered into after defendant became invested with the title which passed by virtue of the sale. No trust was created by reason of this agreement, and none resulted. At the most, the agreement was only a contract of reconveyance. Wheeler v. Haralson, 128 Texas 429, 99 S. W. (2d) 885; Miracle v. Stone, 190 Ky. 610, 227 S. W. 1011; Friedsam v. Rose, 271 S. W. 417; Watkins v. Watkins, 141 S. W. 1047.

■ Nor were the facts and circumstances such as to furnish basis for a constructive trust, on the ground of breach of contract to reconvey. Ordinarily, breach of contract to convey does not furnish cause for creating a constructive trust. The agreement of March 26, 1932, did not obligate defendant to pay the Lydia Roberts debt. It expressly recognized the existence of that debt. It did not in any manner bind Lydia Roberts as to the method of payment provided for therein. It is undisputed that her debt was due and unpaid when she instituted the suit to foreclose her lien. Roach and the minor daughter were both served in that suit. This was within itself notice that if this lien was foreclosed, and the land sold to Lydia Roberts or to some third party, this would destroy the power of defendant to perform the contract of reconveyance. There was no need of defendant giving notice of an intention to terminate the agreement, when plaintiffs had knowledge of a pending suit which would make it impossible of performance according to its terms. If plaintiffs had any right of action, either on the ground that Lydia Roberts's lien had been extinguished by the prior foreclosure, or on the ground that the Roberts debt had been paid, in whole or in part, with rents and revenues, certainly

they should have asserted such right in that suit. The judgment in favor of Lydia Roberts against them undoubtedly took away all interest of every kind which they had in the property, even if such interest had not been lost by reason of the previous foreclosure. It cannot reasonably be contended that plaintiffs could have impressed a trust upon the property while in the hands of Lydia Roberts; or if she had sold to a third party it cannot reasonably be contended that his title, as against plaintiffs, would not have been good. There was no evidence whatever of collusion between defendant and Lydia Roberts. The most that can be said is that defendant may have recognized his title under the paving lien foreclosure as inferior to the vendor's lien held by Lydia Roberts, but there was nothing wrong in this. In the absence of proof of collusion we can see nothing wrong in the fact that defendant later purchased the property from Lydia Roberts for a consideration equal to her indebtedness. As her title was good as against any claim of plaintiffs, we do not see how it could be incumbered with a trust simply because defendant, rather than some third person, became the purchaser; and defendant should not be penalized, in the absence of fraud or collusion, for purchasing property after the performance of the agreement, according to its terms, had become impossible. He was not obligated to prevent the foreclosure of the Roberts' lien.

■ We have examined the record carefully and have reached the conclusion that the Court of Civil Appeals correctly decided the questions pertaining to recovery of the furniture. It is undisputed that Roach voluntarily delivered the furniture and personal property to Grant with full authority to use it in connection with renting the apartments, and there was no agreement, express or implied, that defendant would pay for same or pay any rental thereon. There was no conversion. The furniture was placed in the apartments about 1926 and this suit was tried some eight years later. No proof was offered to show what articles, if any, were still on hand at the time defendant purchased the property from Lydia Roberts, or at the time of the trial, nor the reasonable market value of same. The trial court was without evidence upon which a judgment for any specific articles, or their value, could have been entered in favor of plaintiffs.

For the reasons stated herein the judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court July 19, 1939.

Rehearing overruled October 11, 1939.