**PERSON et al. v. LEVENSON.**

No. 3962.

Court of Civil Appeals of Texas. El Paso.
July 5, 1940.

Rehearing Denied Sept. 26, 1940.

J. M. Deaver and Fred C. Knollenberg, both of El Paso, for appellants.

Joseph L. Dunigan, of El Paso (Potash & Cameron, of El Paso, on the brief), for appellee.

WALTHALL, Justice.

This suit was brought by Mary Levenson, joined pro forma by her husband, Wolf Levenson, as plaintiffs, against Sophie Person and her husband, Jacob Person, as defendants, to recover on a series of promissory notes of date February 20, 1931, due on or before five years after date, the notes executed by Jacob Person, and payable to Mary Levenson, or order, each of said notes in the principal sum of $500, and bearing interest at the rate of eight per cent per annum from date, with interest from maturity at the rate of ten per cent per annum,

and providing for the payment of attorney's fees in the event of suit on the notes.

The consideration, in part, for said notes was the conveyance by said Wolf Levenson of all of his right, title and interest in and to Lots 8 and 9 and east ten feet of Lot 7, in Block 1, of Franklin Heights Addition to the City of El Paso, El Paso County, Texas, which property theretofore had been jointly owned by plaintiffs and defendants.

Thereafter, on March 10, 1931, both defendants executed and delivered to M. V. Ward, trustee, a deed of trust to secure said notes, giving in said deed of trust a deed of trust lien on the property above described. The above deed of trust lien was made inferior to certain other liens on said property, among which we note $25,000 lien held by the City Mortgage Company; $5,000 held by J. C. Worthington & Sons, and transferred to the City Mortgage Company, and a lien of the Pronto Plumbers of $3,655. The above liens, to which the Levenson lien was made inferior, were given by the Persons and Levensons to secure the indebtedness by them, and which indebtedness and liens were assigned to and held by the City Mortgage Company.

The above deed of trust to the Levensons contained and expressed a general warranty of title to the premises conveyed unto the trustee in the deed of trust to secure the payment of the notes to Mrs. Levenson.

No payment of interest or principal was made on the Levenson notes.

The City Mortgage Company brought suit in the District Court of El Paso County, Texas, on the above mentioned indebtedness of the Persons and Levensons and to foreclose the liens securing same. Service was had and judgment rendered foreclosing the liens on the property; a sale of the property was duly made, the Levensons notified, and the City Mortgage Company became the purchaser at the foreclosure sale. The property did not bring enough to liquidate the indebtedness due the City Mortgage Company judgment.

On January 22, 1937, the City Mortgage Company, by warranty deed, conveyed the property to Sophie Person, the deed reciting "as her sole and separate" estate, and for a stated consideration of ten dollars cash and notes totaling $6,-700, due on or before ten years, retaining a lien on the property to secure the payment of the notes, the lien retained made subject to a first lien in favor of the R. F. C. Mortgage Company in the expressed sum of $20,250.00.

Mrs. Sophie Person went into possession of the premises, an apartment house, and has operated and managed same since February, 1931; she and her husband occupied one of the apartments as their home and place of residence, neither having any other place of residence. The property is an apartment house consisting of thirty-six apartments.

Twenty-six hundred dollars was paid by the Persons on existing liens other than those sued on here, from rents of the apartments.

## Opinion.

Appellants submit that the deed of trust given by them to the trustee, M. V. Ward, to secure the Levenson notes in 1931, sued on here, was void for the reason that prior to and at the time of the execution of the deed of trust the property was appellants' homestead.

The trial court gave judgment in favor of Mary Levenson and against Jacob Person for the amount due on the notes, and in the judgment established a lien against the property herein described, subject, however, to a first lien in favor of the R. F. C. Mortgage Company, and subject to a second lien in favor of the City Mortgage Company, as the same appears of record, and that Mary Levenson have foreclosure of her lien, subject to the first and second liens as above.

The first question presented, then, is the validity of the Mary Levenson lien. If the property on which the lien was given was the home of the Persons, it was not a valid lien.

The Persons, on March 10, 1931, gave the deed of trust to M. V. Ward, trustee, on the property to secure the notes sued on, and with a warranty of their title to the apartment property.

In 1936, in cause No. 43839, when the City Mortgage Company foreclosed its liens, the Levensons were made parties as junior lien holders, and in the judgment rendered in that proceeding the trial court held, "that the property above described was on March 10, 1931, the homestead of Jacob Person and Sophie Person, and is now their homestead."

In cause No. 45136, the Levensons versus the Persons, tried in the District Court of El Paso County, in a suit on the notes involved here and to foreclose the deed of trust lien on the property involved here, the trial court found that Mrs. Person went into possession of the apartment house consisting of thirty-six apartments and operated and managed same with the assistance of her husband; that since February, 1931, the Persons occupied one of the apartments as their home and place of residence, and had no other home and place of residence; and neither had any other occupation than the operation of this apartment house; that Mrs. Person collected the rents from the apartments, paid the expenses, and from the rents applied $2,600 to the lien of the R. F. C. Mortgage Company, and the interest on the debt due the City Mortgage Company.

On the above findings the trial court concluded as matters of law that the property was not the business homestead of the Persons, because the business therein was carried on by Mrs. Person, who was not the head of the family, and that the residence homestead in the property is limited to the apartment occupied by the Persons as their home, and made other conclusions which we will notice later.

The judgment was based on the above findings and conclusions from which there was no appeal.

We have sufficiently stated the facts found by the court from which the court concluded that the apartment house was neither the business place nor the residence place of the Persons.

■ The question of whether the apartment house was the homestead of the Persons must be determined by the facts as they existed at the time of the execution of the deed of trust. The facts as stated above are not in any manner disputed or controverted. The only business of the Persons, or either of them, was renting the apartments, collecting the rents and otherwise caring for the property generally. We have not found the value of the property stated in the record, but the value does not enter into the definition of a homestead—it is merely a limitation upon the exemption when established. Hargadine v. Whitfield, 71 Tex. 482, 9 S.W. 475. Nor is there any exception that the value is not alleged and shown. Gallagher v. Keller, 4 Tex.Civ.App. 454, 23 S.W. 296.

■ The property involved is one piece of property. Both of the Persons were equally in possession and making use of the entire building. It is the place of the homestead that gives character to it, not the business of the head of the family. The property may be homestead of the family whether the title be the separate property of either the husband or the wife, or community property. Wheatly v. Griffin, 60 Tex. 209, 211.

■ Without discussing the homestead feature of the property further, we might say, in conclusion, that the business or calling of Person was that of using the property as an apartment house; the building was erected and adapted to such use; the property was occupied by the Persons and used by them for such purpose.

We have concluded that the property was the homestead of the Persons at the time of the making of the deed of trust. White v. Hebberd, Tex.Civ.App., 89 S.W.2d 482; Postal Savings & Loan Ass'n v. Powell, Tex.Civ.App., 47 S.W.2d 343.

Appellee does not discuss the homestead feature of the property. The City Mortgage Company having foreclosed its liens and sold the property under its judgment, bought the property at such sale, and thereafter conveyed the property to Mrs. Person, the appellee now asserts the proposition that, the Persons having conveyed the property to M. V. Ward, trustee, by deed of trust to secure the notes sued on, and in such conveyance warranted the title to the trustee, appellants, by reason of such warranty, received not only the title the grantor had at that time, but received any after acquired title of the Persons, regardless of how their title is acquired. We now consider that question.

We think that in considering this part of the case it is well to refer to such portions of an agreement between Jacob Person and Wolf Levenson executed by them on March 10, 1931, the day on which the deed of trust was executed, as may be pertinent to the question to be discussed.

The parties agreed in writing (briefly stated): Wolf Levenson "shall convey by good and sufficient deed to the said Jacob Person his interest in the above described property (the apartment property) subject to the outstanding liens as more fully hereinafter set forth." Jacob Person agrees to execute to Mrs. Mary Levenson the five notes sued on herein; agreed to have a lien

of Celia Sabsay released; then, continuing, "which lien (apparently, and we think, the deed of trust lien) is to be inferior to the $25,000.00 lien held by the City Mortgage Company" (then mentions and describes the liens held by the City Mortgage Company). The agreement refers to the settlement of other matters not necessary to state, and concludes the agreement with the statement that "upon the final execution and delivery of the papers, deeds, contracts and notes herein mentioned," Levenson "agrees to vacate said premises, and all income from the property from this date shall belong to said Jacob Person."

The above agreement and the deed of trust were executed the same day, refer to the same subject matter, fully express the intention of the parties on the issue now under consideration, and we think must be taken and considered as one instrument in determining just what the contracting parties had in mind in executing the deed of trust and the covenants therein contained.

The principle sought to be applied by appellee to the facts in this case is expressed in their proposition as follows: "When a grantor conveys land with warranty of title, the grantee not only receives the title of the grantor at the time of the transfer but any title subsequently acquired by the grantor, regardless of how that title is acquired."

The doctrine of after acquired title, whether by statutory provision or by contract lien, may be invoked in the absence of express warranty, based on implied covenants in the grant, or by express covenants by contract to the effect that previous to the execution of the conveyance the grantor has not conveyed the same estate, nor any right, title or interest therein to any person other than the grantee, as provided by Art. 1297, R.C.S.1925.

There are many exceptions to the rule that a grantor may not be estopped to set up an after acquired title. We need not discuss them, but will refer, as applicable here, to covenants in the contract which, we think, make applicable the rule of after acquired title.

There were a number of enforceable and established liens on the apartment property prior to the execution of the agreement and deed of trust in this case. The parties expressly contracted with reference thereto, and agreed that such liens were prior to the deed of trust lien in this case. The prior liens were specifically mentioned with the several amounts secured by the prior liens, and the parties in writing covenanted that the deed of trust contract expressing the lien sought here to be enforced was subsequent thereto.

The question that confronts us is: What was the effect of the foreclosure sale to satisfy the prior liens on the second or subsequent lien? Did the sale have the effect to destroy the subsequent lien under the facts stated, and especially, as here, where both Jacob Person and Wolf Levenson were jointly liable for the debt for which the prior lien was given to secure? The record does not show that Levenson had paid any part of that debt or judgment.

We have concluded that Levenson had no lien to foreclose; that the legal and regular sale of the property granted the owner of the prior lien extinguished the junior or inferior lien of Levenson. It seems to us the conveyance by the City Mortgage Company to Mrs. Person, at most, was a contract of reconveyance. Roach v. Grant, 134 Tex. 10, 130 S.W.2d 1019.

The case is reversed and here rendered that plaintiffs take no judgment of foreclosure by reason of their suit, but a judgment for the amount of their debt only.

PRICE, Chief Justice (concurring).

While I agree that this case should be reversed and rendered insofar as same establishes and forecloses a lien, I do not base my decision upon the same ground as Justice WALTHALL.

I do not agree with the holding that the deed of trust of March 10, 1931, was entirely void. Plaintiff pleaded: "The consideration in part for said notes was the conveyance by Wolf Levenson of all his right, title and interest in and to the property." However, under the facts as developed, it seems that the said notes were part of the consideration given for the property, and the conveyance, if made, was partly made for these notes. Conceded that the property was the homestead of defendants at the time of the giving of the deed of trust, I think on the interest conveyed by Levenson to Person it constituted a lien. If the property was a homestead, in my opinion, it did not create

a lien on the undivided interest held by the Persons before the conveyance.

Under the facts found by the trial court, this undivided interest, prior to the execution of the deed of trust, was the homestead of defendants. The finding of use and occupancy as a homestead constituted it such, although it was found by the trial court as a conclusion that it was not a homestead.

The building, although constituting thirty-six apartments, was a unitary structure. The occupation of any part of same as a homestead extended the exemption to the land on which it was situated and the structure. Ford v. Forsgard, 87 Tex. 185, 27 S.W. 57, 25 L.R.A. 155; Postal Savings & Loan Ass'n v. Powell, Tex.Civ.App., 47 S.W.2d 343, writ refused, and authorities cited; Thomas v. Tyler, Tex.Com.App., 6 S.W.2d 350.

Under the facts found the property was likewise the business homestead of defendant. Shamburger Lbr. Co. v. Delavan, Tex. Civ.App., 106 S.W.2d 351, writ refused, and authorities cited.

It is elementary that a homestead exemption attaches to an undivided interest in property.

This homestead right of defendants continued until the foreclosure by the City Mortgage Company. The foreclosure of its lien was to cut off and destroy this homestead right. During the interim between the foreclosure sale and the deed from the City Mortgage Company to Mrs. Person, the Persons had no title or estate in and to the premises to which the homestead exemption could attach. But on the execution and delivery of that deed the property eo instante became the homestead of defendants. This is true, even though defendants are estopped by the mortgage here sought to be foreclosed. Under the issues as made here, unless the notes represent purchase money, or the defendants were each estopped to plead the defense of homestead, or the lien existed before the dedication of a homestead, these notes are not enforceable as a lien on the property. Art. 16, Sec. 50, Constitution, Vernon's Ann.St.

In my opinion, Sec. 50 of Article 16, making a homestead liable for purchase money, applies to a debt by which a then created homestead is acquired. It does not apply to any other debt. A newly dedicated homestead is not liable for a debt against the former homestead, even though the new homestead is on the identical property as the old. Of course, the homestead is liable for a lien which exists prior to the dedication of such homestead. Further, the husband and wife, or either, may estop themselves from claiming a homestead.

When the City Mortgage Company purchased the property, all title of the Persons and the rights of the Levensons therein vested in it. When it conveyed to Mrs. Person that title vested in her, unless there is an estoppel to assert that title against Mrs. Levenson.

In my opinion this property is community property. Community obligations were given for the entire consideration. The evidence fails to show that at the time the title passed it was the intention that such obligations be paid from the separate estate of Mrs. Person. In fact, the evidence seems to negative any such reasonable expectation.

Under a liberal construction of plaintiffs' pleading it may be alleged the notes represent purchase money. The literal allegation is: "The consideration, in part, for said notes was the conveyance by Wolf Levenson," etc. Further, it was alleged that the foreclosure by the City Mortgage Company was a collusive proceeding between the Persons and the Mortgage Company—the intent of the foreclosure was to cut off and extinguish the lien of plaintiffs, and then to have the property conveyed by the Mortgage Company to the Persons. Defendants pleaded the homestead exemption. Plaintiffs did not plead by supplemental petition any reply to this defense. If estoppel is pleaded against defendants it must be found in the allegations of plaintiffs' petition.

The findings are against plaintiffs on the issue of a collusive foreclosure. Estoppel, then, must be predicated alone on the deed of trust. No covenants of warranty contained in that instrument are invoked by plaintiffs' pleading, although it is urged by counter proposition here that the judgment is sustainable on the theory of estoppel by covenants in the deed of trust. A copy of that instrument is neither set forth in nor attached to plaintiffs' petition as an exhibit. It is shown that Sophie Person joined with her husband in executing the deed of trust. No duty of defendants is averred in plaintiffs' petition as to the obligations which were the foundation of the

liens foreclosed by the City Mortgage Company against the Persons and Levensons; it is not averred that defendants were liable on them or had ever assumed the liability of such obligations.

Under the findings of the trial court these obligations were jointly created by plaintiffs and defendants. Defendants in their plea of estoppel plead the joint liability on the obligations secured by the lien foreclosed. The contract of March 10th, executed contemporaneously, we presume, with the deed of trust, provided that on a compliance by Person with the conditions thereof Levenson would convey his right, title and interest subject to such liens. If conveyance there was from Levenson to Person, it is fair to assume that it was in accordance with this contract, under which such obligations were not assumed.

Further, plaintiffs not having pleaded the covenants of warranty in the deed, cannot, in my opinion, rely on same in this proceeding as an estoppel. Mrs. Person, a married woman, was not bound by such covenant. Wadkins v. Watson, 86 Tex. 194, 24 S.W. 385, 22 L.R.A. 779. This may be unimportant, as the husband has the privilege of selecting the homestead.

It appears from the defendants' answer herein that the liens foreclosed were the joint obligations of plaintiffs and defendants here. Let us, then, consider it from that point of view.

Judge Neill, in the case of Beitel v. Dobbin, Tex.Civ.App., 44 S.W. 299, 301, enunciated this proposition: "It is elementary that a purchaser of property, who agrees, as a part of the consideration, to pay off two mortgages upon it, cannot suffer a sale to take place under the prior one, and, without discharging the junior mortgage, claim title against it."

The Supreme Court gave sanction to the proposition by refusing a writ of error. The principle has received recognition in the following cases: Kerr v. Henderson, Tex.Civ.App., 1 S.W.2d 1100; Kerr v. Henderson, Tex.Civ.App., 13 S.W.2d 227; Kerr v. Erickson, Tex.Com.App., 24 S.W. 2d 21; Milford v. Culpepper, Tex.Civ.App., 40 S.W.2d 163; Buckner v. Buckner, Tex. Civ.App., 51 S.W.2d 769; Levy v. Winfree, Tex.Civ.App., 99 S.W.2d 1043.

To attempt to state the proposition in another way: A mortgagor, by his own default, cannot build up against his mort-gagee a title founded on a superior lien which the mortgagor has the undivided duty to discharge. But such is not the case here. At all times the liability of Person and Levenson was equal as to the obligations. They were co-makers of the obligations and the property was jointly hypothecated to secure the obligations. The property was sold to satisfy the obligation of Levenson just as much as the obligation of Person. The liens were jointly created by plaintiffs and defendants. With reference to personal liability on the City Mortgage Company obligations there is no evidence that the situation was changed at the time of the execution of the deed of trust in question. The fact the contract was that the property was to be conveyed subject to these liens negatives any assumption by Person of the liability of Levenson thereon.

Now the case of Kerr v. Erickson, supra, has many things in common with the instant case. There, as here, there was no collusion in the conduct of the sale; there, as here, a party other than the mortgagor bought the property in and conveyed same to the mortgagor; there, as here, if we are correct in our construction of the pleadings, no question of warranty of title was involved. However, I think the distinguishing feature is that here the property was sold to satisfy a debt of one in privity with the one pleading estoppel. This was not true in Kerr v. Erickson. Likewise, in that case there was no question of homestead involved.

As has been before stated, the moment this property was conveyed to Mrs. Person, it became a homestead. Freiberg, Klein & Co. v. Walzem, 85 Tex. 264, 20 S.W. 60, 34 Am.St.Rep. 808. In this case it was held that, although a judgment was duly abstracted, same did not attach to a subsequently acquired homestead, the homestead being dedicated simultaneously with the conveyance of the property to the husband. This case has been followed and frequently cited since its rendition.

It is conceded here that the City Mortgage Company has a lien in the sum of $6,700 superior to that of the lien here asserted by plaintiffs. It is superior, because same represents purchase money of the new homestead. The fact that Person owed money and may have been insolvent did not prevent him from acquiring a new home. Although Person was vested with the right of selecting this home, his

wife had the right to acquire a homestead in connection with her husband. In my opinion, this mortgage does not estop her. The covenants and warranties do not bind her. If, in truth and in fact, the notes represent purchase money, her joining in the mortgage was not necessary to its validity.

The courts have at all times given our homestead laws a liberal construction to protect the right conferred by the Constitution.

## On Rehearing.

PRICE, Chief Justice.

Beyond any question, under the findings of the court, aside from the conclusions, on the date of the giving of the deed of trust in question, the property involved herein, to the extent of their interest, was the business and residence homestead of defendants, appellants here. This interest was less than the whole interest in the property, plaintiffs holding, likewise, an undivided interest in the property. The undivided interest of defendants in the property was, of course, not subject to the homestead of plaintiffs. After the conveyance the entire property was the homestead of Person and wife.

Insofar as the validity of the deed of trust is concerned, the question, abstractly stated, may be formulated as follows: May a husband and wife having a homestead in an undivided interest mortgage that interest to acquire the undivided interest in the property not then subject to their homestead right? What the plaintiff acquired was the undivided interest theretofore held by the defendants in the property. In order to obtain this outstanding interest defendants mortgaged the interest acquired and their pre-existing homestead interest. It is our conclusion that the deed of trust was valid as to the interest conveyed by the Levensons and void as to the interest held by defendants before such conveyance.

We have carefully re-examined our conclusions on the question of estoppel, and still adhere to the views before expressed.

It might be added that the lien of plaintiffs on the undivided interest conveyed to them by defendants was completely extinguished by the foreclosure on behalf of the Mortgage Company. The only theory on which a lien can be asserted is its reattachment when the property was reacquired by Mrs. Person. This property was acquired as a homestead, and simultaneously with the acquisition dedicated as such. In our opinion the homestead right prevents the reattachment of the lien.

In the case of Freiberg, Klein & Co. v. Walzem, 85 Tex. 264, 20 S.W. 60, 34 Am. St. Rep. 808, it was held that an abstracted judgment did not create a lien on the homestead subsequently acquired if the homestead was dedicated at the moment of its acquisition. It was likewise so held in Thompson & Sons Lbr. Co. v. Clifton, 132 Tex. 366, 124 S.W.2d 106. By analogy we think these two cases support our holding.

There is absent from the instant case the equities existing in Beitel v. Dobbin, Tex.Civ.App., 44 S.W. 299, cited in concurring opinion, and that line of cases following same. Here, Levenson was equally bound with Person on the obligation foreclosed by the Mortgage Company. The property was sold in order to pay a debt of Levenson and Person.

In compliance with the request of defendants, we find that the notes sued on were part of the purchase price of the undivided interest of Levenson and wife.

The motion for rehearing is in all things overruled.