# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00414-CV

**Elizabeth Sifuentes, Appellant**

**v.**

**Enrique C. Arriola and Sara Arriola, Appellees**

## FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
## NO. 270633, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Elizabeth Sifuentes appeals a trial court order denying her summary judgment motions and granting the summary judgment motion of appellees, Enrique and Sara Arriola. Sifuentes argues that she should have prevailed on summary judgment and that, in the alternative, fact questions precluded the trial court from granting the Arriolas' summary judgment motion. We will affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 14, 1997, Sifuentes obtained a judgment against Raul Chagoya for $15,000 plus interest. In March 1998, Sifuentes recorded an abstract of the judgment in Travis County, thereby establishing a lien against any non-exempt real property that Chagoya owned in the county. Chagoya did in fact own a piece of real property in the county: roughly one-fifth of an acre with a four-plex on it ("the Property"), which Chagoya had purchased in September 1995. From the

time he purchased the Property until August 2002, Chagoya lived in one unit of the four-plex and rented out the other three units. On August 9, 2002, Chagoya sold the Property to the Arriolas. The Arriolas immediately took up residence in the unit that Chagoya had occupied, and they continued to rent out the other three units.

In May 2003, Sifuentes sued Chagoya and the Arriolas. She sought to force a sale of the Property and to obtain the proceeds in satisfaction of her judgment against Chagoya. Chagoya never filed an answer to Sifuentes's petition, and for reasons not reflected in the record, Sifuentes subsequently nonsuited him. *See* Tex. R. Civ. P. 162. The Arriolas, on the other hand, did file an answer to Sifuentes's petition, and in an amended answer they asserted as an affirmative defense that the Property was their homestead and therefore exempt from judgment liens. *See* Tex. Const. art. XVI, §§ 50, 51; Tex. Prop. Code Ann. §§ 41.001, .002 (West 2000 & Supp. 2008).

On July 23, 2004, Sifuentes and the Arriolas filed an Agreed Stipulation of Undisputed Facts that established the following:

- The four-plex was a single two-story structure divided into four separate residences.

- Besides the four-plex, the Property featured the following improvements: a parking area shared by all residents; sidewalks going to the front door of each unit; privacy fences dividing the lot into four yards; and concrete patios in each unit's yard.

- No unit of the four-plex had internal access to any other unit.

- Each unit shared common interior walls with adjoining units, and all units shared a single roof.

- Each unit had its own air conditioning and heating system.

- During the time that he owned the Property, Chagoya occupied only one unit of the four-plex and rented the other three units to unrelated third-party tenants.

2

- In June of 1997, Chagoya applied for a residential homestead tax exemption for the Property.

- The Travis Central Appraisal District granted Chagoya an ad valorem tax exemption on twenty-five percent of the Property.

- Chagoya never protested or appealed the twenty-five-percent ad valorem tax exemption determination.

- Chagoya's individual unit was his homestead at the time that he sold the Property to the Arriolas.

The Arriolas filed a motion for summary judgment. Tex. R. Civ. P. 166a(c). Sifuentes filed her own "traditional" motion for summary judgment as well as a "no-evidence" motion for summary judgment. Tex. R. Civ. P. 166a(c), (i). Chagoya filed an affidavit in support of the Arriolas' motion. In it, he claimed that despite his acceptance of the twenty-five-percent ad valorem tax exemption, he had always considered the entire Property to be his homestead. The trial court denied Sifuentes's motion for summary judgment and granted that of the Arriolas. Sifuentes appeals.

**STANDARD OF REVIEW**

A "traditional" motion for summary judgment is properly granted only when the movant establishes that there are no genuine issues of material fact and that she is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.—Austin 2000, no pet.). A defendant seeking summary judgment must negate as a matter of law at least one element of each of the plaintiff's theories of recovery or prove as a matter of law each element of an affirmative defense. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

3

A party seeking a "no-evidence" summary judgment, on the other hand, does not bear the burden of establishing her right to judgment by proving a defense or claim, but instead asserts that there is no evidence of one or more essential elements of a claim on which the opposing party will have the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Holmstrom*, 26 S.W.3d at 530. If the nonmovant fails to produce more than a scintilla of probative evidence raising a genuine issue of material fact as to each challenged element on which he has the burden of proof, summary judgment is proper. *Id.*

In reviewing a grant of summary judgment, we take as true evidence favorable to the nonmovant, making every reasonable inference and resolving all doubts in the nonmovant's favor. *Centeq Realty*, 899 S.W.2d at 197. If both parties move for summary judgment, we determine all questions presented and render the judgment the trial court should have rendered. *Commissioners Court v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997).

## DISCUSSION

The constitutionally created homestead interest protects property from most types of liens, including judgment liens. *Florey v. Estate of McConnell*, 212 S.W.3d 439, 443 (Tex. App.—Austin 2006, pet. denied). Homestead rights enjoy robust protection under Texas law. *See Kendall Builders, Inc. v. Chesson*, 149 S.W.3d 796, 807 (Tex. App.—Austin 2004, pet. denied). To establish that a piece of property is a homestead exempt from judgment liens, "the claimant must show a combination of both overt acts of homestead usage and the intention on the part of the owner to claim the land as a homestead." *Dominguez v. Castaneda*, 163 S.W.3d 318, 330 (Tex. App.—El Paso 2005, pet. denied). While merely owning or occupying a piece of property

4

does not automatically make it a homestead, "[p]ossession and use of land by one who owns it and who resides upon it makes it the homestead in law and in fact." *Id.* at 331.

Sifuentes admits that the unit Chagoya lived in while he owned the Property was Chagoya's homestead.[1] Sifuentes also acknowledges that homesteads are exempt from judgment liens. She argues, however, that Chagoya's intent and usage of the Property show that only twenty-five percent of the Property—the portion that Chagoya and the Arriolas have occupied—has ever qualified as a homestead, rendering the remaining seventy-five percent subject to her judgment lien.

We disagree. As a starting point, we presume that one who owns and resides on a lot makes the whole lot his homestead. *See Scottish Am. Mortgage Co. v. Milner*, 30 S.W.2d 582, 584 (Tex. Civ. App.—Texarkana 1930, writ ref'd). Furthermore, Texas law is long settled that one who owns and resides in a building may claim the entire building as homestead even if he rents out parts of it. The seminal case is *Ford v. Forsgard*, 27 S.W. 57 (Tex. 1894), in which the supreme court held that a court cannot order the sale of part of a building if the rest of the building qualifies as homestead. *Id*. at 58. For reasons unstated, the *Ford* court assumed that the entire lot under the building at issue was homestead. *See id*. That assumption drove the result because, as the court recognized, homestead rights attach primarily to land and incidentally to buildings thereon. *Id*. Thus, *Ford* is not directly on point here; we cannot assume that the land under the four-plex was homestead, as the character of the land is one of the things we are asked to decide.

---

[1] It is less clear whether Sifuentes admits that the unit became the Arriolas' homestead when they purchased the Property and moved into it, but in any event the law entails that conclusion. *See Cadle Co. v. Harvey*, 46 S.W.3d 282, 285 (Tex. App.—Fort Worth 2001, pet. denied) ("A judgment debtor may sell [the homestead] and pass title free of any judgment lien, and the purchaser may assert that title against the judgment creditor.").

The cases following *Ford* have not all expressly shared its underlying assumption, but they have all shared its conclusion. *See Folse v. Monroe*, 190 S.W.2d 604, 610 (Tex. Civ. App.—Beaumont 1945, writ ref'd w.o.m.) (entire building qualified as homestead even though owners rented out kitchen, dining room, and three-room apartment); *Person v. Levenson*, 143 S.W.2d 419, 421 (Tex. Civ. App.—El Paso 1940, no writ) (entire building divided into thirty-six apartments qualified as homestead even though owner occupied only one apartment); *Postal Sav. & Loan Ass'n v. Powell*, 47 S.W.2d 343, 351-52 (Tex. Civ. App.—El Paso 1931, writ ref'd) (entire building qualified as homestead even though owner rented out upstairs as rooming house); *Tyler v. Thomas*, 297 S.W. 609, 610 (Tex. Civ. App.—Galveston 1927) (entire building divided into four apartments qualified as homestead even though owner only occupied one apartment), *rev'd on other grounds*, 6 S.W.2d 350 (Tex. Comm'n App. 1928); *Kelly v. Nowlin*, 227 S.W. 373, 375 (Tex. Civ. App.—Texarkana 1921, no writ) (entire building qualified as homestead even though owner rented out first floor); *Bente v. Sullivan*, 115 S.W. 350, 353-54 (Tex. Civ. App.—Austin 1908, writ denied) (entire building containing residence, hotel, and other unspecified space qualified as homestead). We have found no case, and Sifuentes cites none, where a court held that some part of an owner-occupied building did not qualify as the owner's residential homestead.

Sifuentes nevertheless argues that this case is unique because Chagoya intended only a portion of the Property to be his homestead. While homestead claimants normally do have to demonstrate intent, property owners who reside on and use their property do not. *See Braden Steel Corp. v. McClure*, 603 S.W.2d 288, 293 (Tex. Civ. App.—Amarillo 1980, no writ); *see also*

6

*Dominguez*, 163 S.W.3d at 331. Chagoya resided on the Property and used it analogously to the owners in the cases cited above—especially *Person*, *Tyler*, and *Bente*, where the owners occupied only portions of their properties from the outset.[2] Accordingly, we conclude that his residence and usage were sufficient to obviate the issue of intent and render the entire Property his homestead.

Sifuentes also argues that the layout of the Property—"separate units and severed yards"—must have limited Chagoya's usage. We disagree. First, nothing indicates that the four-plex units were materially more separate than the units in the cases cited above. Second, we would not characterize the Property as having "severed" yards; the record indicates that the "privacy fences" on the Property, which were only a few feet in length, did not impede free passage from any part of the lot to any other. This arrangement does not dictate that Chagoya possessed and used only one-fourth of the property for homestead purposes. *Cf. Scottish Am. Mortgage Co.*, 30 S.W.2d at 584 (complete severance of homestead property by fence may indicate abandonment of fenced-off portion).

Finally, Sifuentes argues that all of the above considerations must yield to one key fact: Chagoya specifically declared that only twenty-five percent of the Property was his homestead. We disagree. Occupancy determines homestead scope; declarations do not. *Schulz v. L. E. Whitham & Co.*, 27 S.W.2d 1093, 1095 (Tex. 1930). Moreover, Chagoya did not "declare"

---

[2] *See Person v. Levenson*, 143 S.W.2d 419, 420 (Tex. Civ. App.—El Paso 1940, no writ); *Tyler v. Thomas*, 297 S.W. 609, 610 (Tex. Civ. App.—Galveston 1927), *rev'd on other grounds*, 6 S.W.2d 350 (Tex. Comm'n App. 1928, judgm't adopted); *Bente v. Sullivan*, 115 S.W. 350, 352 (Tex. Civ. App.—Austin 1908, writ denied). The owner in *Powell* may also have occupied only a portion of his property from the outset, but the opinion is unclear. *See Postal Sav. & Loan Ass'n v. Powell*, 47 S.W.2d 343, 352 (Tex. Civ. App.—El Paso 1931, writ ref'd).

7

twenty-five percent of the Property to be his homestead; rather, he merely accepted, without protest, a twenty-five-percent homestead tax exemption on the Property.

A proportional homestead tax exemption has no impact on a property's homestead status. Section 11.13(k) of the Texas Tax Code states:

> A qualified residential structure does not lose its character as a residence homestead if a portion of the structure is rented to another or is used primarily for other purposes that are incompatible with the owner's residential use of the structure. However, *the amount of any residence homestead exemption does not apply to the value of that portion of the structure that is used primarily for purposes that are incompatible with the owner's residential use*.

Tex. Tax Code Ann. § 11.13(k) (West 2008) (emphasis added). In other words, the Travis Central Appraisal District was statutorily required to limit Chagoya's homestead tax exemption to the portion of the Property in which Chagoya resided (twenty-five percent). As the statute makes clear, however, that limitation did not affect the Property's homestead status. A fortiori, Chagoya's acceptance of a twenty-five-percent tax exemption—the maximum that the law allowed him—does not indicate that Chagoya "declared" only twenty-five percent of the Property to be his constitutional homestead.

For the reasons detailed above, we hold that this case falls under the rule that an entire building counts as homestead when the owner resides in part of the building and rents out the rest. The remainder of the Property, namely the land under the four-plex, follows suit. *See* Tex. Const. art. XVI, § 51 (homestead attaches to land and improvements on it).

## CONCLUSION

The Property in dispute is exempt from judgment liens because it has been a homestead at all relevant times. We therefore affirm the trial court's summary judgment.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed: April 22, 2009